**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **STEVEN J. EDELSTEIN** | : | **CIVIL ACTION NO.:** |
| **Plaintiff** | : | |
| | : | **3:16-cv-01353 (WWE)** |
| **v.** | : | |
| | : | |
| **LUCAS BRAND EQUITY, LLC,** | : | |
| **HYD USA, LLC, AND JAY LUCAS** | : | |
| **Defendants** | : | **September 27, 2016** |

**FIRST AMENDED COMPLAINT**

**INTRODUCTION**

1.      This is an action for money damages, liquidated damages, costs, attorneys' fees and other relief as a result of Defendants' failure to pay compensation to Plaintiff, in violation of federal and state wage and hour laws.

2.      Plaintiff brings this as an individual action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (hereinafter "the FLSA").  This is also an action for wage and hour violations of the Connecticut Minimum Wage Act, 31-58 et seq. (hereinafter "the CMWA"). Plaintiff further alleges claims for breach of contract and unjust enrichment.

**PARTIES**

3.      Plaintiff, Steven Edelstein ("Plaintiff" or "Edelstein"), is an individual who at all times relevant to this Complaint resided in New Haven, Connecticut.  At all times relevant to this Complaint, Plaintiff was jointly employed by Defendants Lucas Brand Equity, LLC and HYD USA, LLC.

4.      Defendant, Lucas Brand Equity, LLC ("LBE") is a foreign corporation whose principal place of business is New York, NY.  Defendant LBE transacts business in the State of

Connecticut and is an employer engaged in interstate commerce as that term is defined under the FLSA.

     5.      Defendant, HYD USA, LLC ("HYD") is a foreign corporation whose principal place of business is New York, NY.  Defendant HYD transacts business in the State of Connecticut and is an employer engaged in interstate commerce as that term is defined under the FLSA.

     6.      Defendants LBE and HYD participated in an integrated enterprise by which Defendants LBE and HYD jointly employed Plaintiff.

     7.      Defendant Jay Lucas ("Lucas") is an individual currently residing at 125 West 31st Street, Apartment 55F, New York, NY.

     8.      During Plaintiff's employment, Defendant Lucas was a joint employer along with Defendants LBE and HYD because, directly or indirectly, he controlled Plaintiff's work conditions and was responsible for payroll practice violations alleged herein.

**JURISDICTION**

     9.      The United States District Court for the District of Connecticut has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because it raises questions under the FLSA.  Jurisdiction over Plaintiff's state law claim is conferred by 28 U.S.C. § 1367. This Court also has jurisdiction under the provisions of 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and Plaintiff does not share a state of citizenship with any defendant.

**FACTUAL BACKGROUND**

     10.     Plaintiff commenced his full-time employment with Defendants LBE and HYD on September 1, 2015 as Chief Operating Officer.

2

11.     Plaintiff was hired as a Connecticut-based employee, working from his home office in New Haven CT office.

12.     At the time of his hire, Plaintiff and Defendants agreed that, in exchange for his services as Chief Operating Officer, Plaintiff would be compensated at the rate of $120,000 per year, payable in semi-monthly payments of $5000.00.

13.     At the time of his hire, Plaintiff and Defendants agreed that Defendants would reimburse Plaintiff for business-related expenses.

14.     When he was hired, Plaintiff was led to believe that he would be employed as a direct employee.   Shortly after commencing his employment, however, Plaintiff learned that, instead of properly classifying and paying him as a W-2 employee, Defendants improperly classified and have paid Plaintiff as an independent contractor and have improperly reported his earnings on an IRS Form 1099.  As a direct consequence of this improper classification, Plaintiff has suffered damages, including the requirement to pay "self-employment" taxes.

15.     Plaintiff is an "employee" of Defendants within the meaning of the Fair Labor Standards Act and the Connecticut Minimum Wage Act

16.     Since mid-May, 2016, Defendants have failed and/or refused to pay Plaintiff any compensation whatsoever.  As of the date of this Complaint, Defendants owe Plaintiff approximately $30,000 in unpaid compensation.

17.     Additionally, since February of 2016, Plaintiff has incurred approximately $2500.00 in business related expenses for which Defendants have failed or refused to compensate Plaintiff.

**COUNT ONE:**       **FAILURE TO PAY WAGES IN VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT (as against all Defendants)**

18.     Based on the foregoing, Defendants have failed to pay Plaintiff for all of the compensation to which he is entitled under the CMWA.

19.     Defendants violated the CMWA.

20.     As a result of Defendants' willful violation of the CMWA, Plaintiff is entitled to compensation for all compensation earned plus liquidated damages, attorneys' fees and costs.

**COUNT TWO:**       **BREACH OF CONTRACT (as against all Defendants)**

21.     By failing to provide Plaintiff any compensation whatsoever for the pay period beginning mid-April, 2016 to the present, Defendants breached the contract between the parties under which Plaintiff would receive $120,000 per year, payable in semi-monthly payments of $5000.00, in exchange for his services.

22.     As a result of Defendants' breach of contract, Plaintiff has suffered damages and is entitled to compensation.

**COUNT THREE:**     **VIOLATION OF THE FLSA FOR FAILURE TO PAY MINIMUM WAGE (as against all Defendants)**

23.     By failing to provide Plaintiff any compensation whatsoever for the pay period beginning mid-April, 2016 to the present, Defendants established a practice under which Plaintiff's pay is subjected to "docking." As such, Defendants have failed to pay Plaintiff on a salary basis and have similarly lost the ability to treat Plaintiff as an exempt employee.

24.     Defendants have violated the minimum wage provisions of the FLSA by failing to pay Plaintiff the minimum wage for all hours worked since mid-April 2016.

25.     As a result of Defendants' willful failure to pay minimum wage to the Plaintiff, Plaintiff is entitled to damages, plus liquidated damages, attorneys' fees and costs.

**COUNT FOUR:     VIOLATION OF THE FLSA FOR FAILURE TO PAY OVERTIME COMPENSATION (as against all Defendants)**

26.     By failing to provide Plaintiff any compensation whatsoever for the pay period beginning mid-April, 2016 to the present, Defendants established a practice under which Plaintiff's pay is subjected to "docking." As such, Defendant have failed to pay Plaintiff on a salary basis and have similarly lost the ability to treat Plaintiff as an exempt employee.

27.     Defendants have violated the overtime provisions of the FLSA by failing to pay Plaintiff the overtime premium of one and a half times Plaintiff's base hourly rate for all hours worked in excess of forty hours per week since the commencement of his employment to the present.

28.     As a result of Defendants' willful failure to pay overtime compensation to the Plaintiff, Plaintiff is entitled to damages, plus liquidated damages, attorneys' fees and costs.

**COUNT FIVE:     DECLARATORY AND INJUNCTIVE RELIEF (as against all Defendants)**

29.     An actual controversy has arisen and now exists between Plaintiff, on the one hand, and Defendants, on the other, concerning the respective rights and duties of the parties.

30.     Plaintiff contends that Defendants have breached the parties' contract of employment and have violated state and federal wage and hour law.

31.     Plaintiff therefore seeks a declaration of the parties' respective rights and duties under the parties' employment contract and under wage and hour laws and to declare the aforementioned conduct of Defendants as unlawful so that future controversies may be avoided.

32.     Plaintiff further seeks an injunction temporarily, preliminarily, and permanently requiring Defendants to immediately resume compensation payments to Plaintiff and to continue to do so in compliance with state and federal law.

**COUNT SIX:** **WRONGFUL TERMINATION OF EMPLOYMENT (as against all Defendants)**

33. Since May, 2016, Plaintiff consistently complained about Defendants' failure to pay him compensation as required by federal and state wage and hour laws.

34. Additionally, after Plaintiff filed his Complaint in the instant action, which alleges violations of the Fair Labor Standards, Defendants, through their counsel, sent a communication to Plaintiff's representative indicating that Plaintiff was no longer an employee of Defendants.

35. Plaintiff engaged in protected activity under the FLSA.

36. Defendants had knowledge of Plaintiff's protected activity.

37. Defendants took adverse actions against Plaintiff after his protected activity, and there is a causal connection between Plaintiff's protected activity and Defendants' adverse actions against Plaintiff for that protected activity.

38. Defendants' violation of the FLSA in retaliating against Plaintiff by terminating his employment was willful.

39. Plaintiff has sustained damages as a result of Defendants' willful violation of the FLSA, including, but not limited to, lost compensation and benefits, liquidated damages, attorney's fees and costs.

**DEMAND FOR RELIEF**

**WHEREFORE,** Plaintiff claims:

1. Unpaid wages under the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58 *et seq.*

2. Unpaid minimum and overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58 *et seq.*;

6

3.      Contract damages resulting from Defendants' breach of contract;

4.      Liquidated damages under the Fair Labor Standards Act, 29 U.S.C.§ 201 *et seq.*;

5.      Penalty damages under the Connecticut Minimum Wage Act, Conn. Gen. Stat. §
31-58 *et seq.*;

6.      All damages resulting from Defendants' wrongful termination of Plaintiff's
employment, including back pay, front pay, lost benefits, past and future economic losses and
harm, compensatory damages, damages relating to emotional distress, and punitive and/or
liquidated damages;

7.      Interest;

8.      Costs;

9.      Injunctive Relief;

10.     An award of Attorneys' Fees under the Fair Labor Standards Act, 29 U.S.C. § 201
*et seq.* and the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58 *et seq.*;

11.     Such other relief as in law or equity may pertain.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Plaintiff, Steven J. Edelstein

By:_____ */s/ William G. Madsen*
     William G. Madsen (ct09853)
     Madsen, Prestley & Parenteau, LLC
     402 Asylum Street Hartford, CT 06103
     Tel.: (860) 246-2466   Fax: (860) 246-1794
     wmadsen@mppjustice.com
     Attorney for Plaintiff