## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEVEN J. EDELSTEIN | : | |
| | : | CASE  NO.: 3:16-cv-01353 (WWE) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LUCAS BRAND EQUITY, LLC, | : | |
| HYD USA, LLC, AND JAY LUCAS | : | OCTOBER 11, 2016 |
| Defendants. | : | |

### ANSWER

As their Answer to the Amended Complaint filed by and on behalf of plaintiff Steven J. Edelstein ("plaintiff") in the above-captioned case, defendants Lucas Brand Equity, LLC ("LBE"), HYD USA, LLC ("HYD"), and Jay Lucas ("Lucas") (all collectively referred to as "defendants") admit, deny and allege as follows:

1.     Paragraph 1 of plaintiff's Amended Complaint consists of a characterization of claims, to which no response is required.  However, defendants deny violating federal and/or state wage and hour laws and further deny that plaintiff is entitled to any form of relief.

2.     Paragraph 2 of plaintiff's Amended Complaint consists of a characterization of claims, to which no response is required.  However, defendants deny that plaintiff's claims, or any of them, are meritorious.

3.     Defendants deny the allegations in Paragraph 3 of plaintiff's Amended Complaint, except that defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that plaintiff resides in New Haven, Connecticut.

4.     The allegation in Paragraph 4 of plaintiff's Amended Complaint that LBE "is an employer engaged in interstate commerce as that term is defined under the FLSA" is in the nature of a legal conclusion, to which no response is required.  Defendants otherwise admit the allegations in said Paragraph.

5.      Defendants deny the allegation in Paragraph 5 of plaintiff's Amended Complaint that HYD's principal place of business is in New York, NY.  The allegation that HYD "is an employer engaged in interstate commerce as that term is defined under the FLSA" is in the nature of a legal conclusion, to which no response is required.  Defendants admit that HYD is a foreign corporation that does business in Connecticut.

6.      Defendants deny the allegations in Paragraph 6 of plaintiff's Amended Complaint.

7.      Defendants admit the allegations in Paragraph 7 of plaintiff's Complaint.

8.      Defendants deny the allegations in Paragraph 8 of plaintiff's Amended Complaint.

9.      Paragraph 9 of plaintiff's Amended Complaint consists of jurisdictional allegations and legal conclusions, to which no response is required.

10.     Defendants deny the allegations in Paragraph 10 of plaintiff's Amended Complaint.

11.     Defendants deny the allegations in Paragraph 11 of plaintiff's Amended Complaint.

12.     Defendants deny the implication that plaintiff was employed by LBE, HYD, Lucas, or any of them, but otherwise admit the allegations in Paragraph 12 of plaintiff's Amended Complaint.

13.     Defendants deny the allegations in Paragraph 13 of plaintiff's Amended Complaint.

14.     Defendants deny the allegations in Paragraph 14 of plaintiff's Amended Complaint.

15.     Defendants deny the allegations in Paragraph 15 of plaintiff's Amended Complaint.

16.     Defendants deny the allegations in Paragraph 16 of plaintiff's Amended Complaint.

17.     Defendants deny the allegations in Paragraph 17 of plaintiff's Amended Complaint.

**COUNT ONE**

18.     Defendants deny the allegations in Paragraph 18 of plaintiff's Amended Complaint.

19.     Defendants deny the allegations in Paragraph 19 of plaintiff's Amended Complaint.

20.     Defendants deny the allegations in Paragraph 20 of plaintiff's Amended Complaint.

**COUNT TWO**

21.     Defendants deny the allegations in Paragraph 21 of plaintiff's Amended Complaint.

22.     Defendants deny the allegations in Paragraph 22 of plaintiff's Amended Complaint.

**COUNT THREE**

23.     Defendants deny the allegations in Paragraph 23 of plaintiff's Amended Complaint.

24.     Defendants deny the allegations in Paragraph 24 of plaintiff's Amended Complaint.

25.     Defendants deny the allegations in Paragraph 25 of plaintiff's Amended Complaint.

## COUNT FOUR

26.     Defendants deny the allegations in Paragraph 26 of plaintiff's Amended Complaint.

27.     Defendants deny the allegations in Paragraph 27 of plaintiff's Amended Complaint.

28.     Defendants deny the allegations in Paragraph 28 of plaintiff's Amended Complaint.

## COUNT FIVE

29.     Paragraph 29 of plaintiff's Amended Complaint consists of a legal conclusion, to which no response is required.

30.     Paragraph 30 of plaintiff's Amended Complaint consists of a characterization of claims, to which no response is required.  However, defendants deny breaching a contract and/or violating state and federal wage and hour law.

31.     Paragraph 31 of plaintiff's Amended Complaint describes a form of relief plaintiff seeks, to which no response is required.  However, defendants deny that plaintiff is entitled to the relief requested.

32.     Paragraph 32 of plaintiff's Amended Complaint describes a form of relief plaintiff seeks, to which no response is required.  However, defendants deny that plaintiff is entitled to the relief requested.

## COUNT SIX

33.     Defendants deny the allegations in Paragraph 33 of plaintiff's Amended Complaint.

34.     Defendants deny the allegations in Paragraph 34 of plaintiff's Amended Complaint, and allege that defendants' counsel advised plaintiff's counsel that plaintiff was never an employee of defendants, or any of them, and that plaintiff should discontinue any activities on behalf of HYD.

35.     Defendants deny the allegations in Paragraph 35 of plaintiff's Amended Complaint.

36.     Defendants deny the allegations in Paragraph 36 of plaintiff's Amended Complaint.

37.     Defendants deny the allegations in Paragraph 37 of plaintiff's Amended Complaint.

38.     Defendants deny the allegations in Paragraph 38 of plaintiff's Amended Complaint.

39.     Defendants deny the allegations in Paragraph 39 of plaintiff's Amended Complaint.

**PRAYER FOR RELIEF**

40.     Defendants deny that plaintiff is entitled to the relief sought in his Demand for Relief or any other form of relief.

### Defenses

Defendants allege the following defenses to the claims and allegations set forth in plaintiff's Amended Complaint:

### FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

If plaintiff was an employee of defendants, or any of them, and defendants expressly deny such was the case, he was exempt from the minimum wage and overtime pay requirements under the Fair Labor Standards Act and the Connecticut Minimum Wage Act.

## THIRD DEFENSE

If defendants, or any of them, violated the Fair Labor Standards Act and/or the Connecticut Minimum Wage Act, and defendants expressly deny such was the case, the underlying act or omission giving rise to a violation was in good faith and based on reasonable grounds for believing the act or omission did not violate federal or state wage and hour laws.

## FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part under the doctrine of unclean hands.

## FIFTH DEFENSE

Plaintiff materially breached the terms of any employment contract he may have entered into with defendants or any of them.

## SIXTH DEFENSE

Any contractual duties defendants, or any of them, owed to plaintiff were discharged as a consequence of plaintiff's failure to perform.

## SEVENTH DEFENSE

Any employment contract entered into by plaintiff and defendants, or any of them, was procured by way of fraud.

## EIGHTH DEFENSE

Plaintiff has failed to mitigate his alleged damages, any entitlement to which is expressly denied.

WHEREFORE, defendants pray that:

1.     Plaintiff's Amended Complaint be dismissed in its entirety, with prejudice;

2.     Defendants be awarded all costs of suit, including attorneys' fees; and

3.     Defendants be awarded such other and further relief as the Court deems appropriate.

Respectfully submitted,

DEFENDANTS,
LUCAS BRAND EQUITY, LLC,
HYD USA, LLC, and JAY LUCAS

By:_____
        Lawrence Peikes (ct07913)
        lpeikes@wiggin.com
        WIGGIN AND DANA LLP
        Its Attorneys
        Two Stamford Plaza
        281 Tresser Boulevard
        Stamford, CT 06901
        (203) 363-7600
        (203) 363-7676 (fax)

7

## CERTIFICATE OF SERVICE

This is to certify that on the 11th day of October, 2016, a copy of the foregoing Answer was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

_____

Lawrence Peikes (ct07913)

26014\1\3552795.v1

8