**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **STEVEN J. EDELSTEIN** | : | **CIVIL ACTION NO.:** |
| **Plaintiff** | : | |
| | : | **3:16-cv-01353 (WWE)** |
| **v.** | : | |
| | : | |
| **LUCAS BRAND EQUITY, LLC,** | : | |
| **HYD USA, LLC, AND JAY LUCAS** | : | |
| **Defendants** | : | **October 14, 2016** |

### Form 26(f) Report of Parties' Planning Meeting

Date Complaint Filed:  August 9, 2016

Date Complaint Served:  August 11, 2016

Date Amended Complaint Filed: September 27, 2016

Defendants' Answer to Amended Complaint Filed: October 11, 2016

Pursuant to Fed R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on October 12, 2016.  The participants were: Magdalena B. Wiktor for Plaintiff and Lawrence Peikes for Defendants.

**I.    Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the proposed case management plan.  Counsel further verifies that they have forwarded a copy of this report to their clients.

II.     **Jurisdiction**

    A.     <u>Subject Matter Jurisdiction</u>

The Court has subject matter jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331 because it presents a federal question under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant 28 U.S.C. § 1367.  Plaintiff also claims that this Court has jurisdiction under the provisions of 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and Plaintiff does not share a state of citizenship with any defendant.

    B.     <u>Personal Jurisdiction</u>

Personal jurisdiction over the Defendants is not contested.

III.    **Brief Description of Case**

    A.     <u>Claims of Plaintiff/s</u>:

        a.  Plaintiff claims that he was jointly employed by Defendants beginning on or about September 1, 2015 and that Defendants improperly classified him as an independent contractor. Plaintiff claims that Defendants violated the Connecticut Minimum Wage Act by failing to pay Plaintiff for compensation to which he is entitled under the CMWA; that Defendants breached their contact with Plaintiff by failing to pay Plaintiff in accordance with the contract; that Defendants violated the FLSA by failing to pay Plaintiff minimum wage and by failing to pay Plaintiff overtime compensation; and that Defendants retaliated against Plaintiff in violation of the FLSA by terminating his employment. Plaintiff also seeks declaratory and injunctive relief.

B.    Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims)
of Defendants:

Defendants filed an answer denying all material and substantive allegations of

the Amended Complaint and alleging the following defenses:

- Plaintiff's Amended Complaint fails to state a claim upon which relief may be
  granted.

- If plaintiff was an employee of defendants, or any of them, and defendants
  expressly deny such was the case, he was exempt from the minimum wage
  and overtime pay requirements under the Fair Labor Standards Act and the
  Connecticut Minimum Wage Act.

- If defendants, or any of them, violated the Fair Labor Standards Act and/or the
  Connecticut Minimum Wage Act, and defendants expressly deny such was the
  case, the underlying act or omission giving rise to a violation was in good faith
  and based on reasonable grounds for believing the act or omission did not
  violate federal or state wage and hour laws.

- Plaintiff's claims are barred in whole or in part under the doctrine of unclean
  hands.

- Plaintiff materially breached the terms of any employment contract he may
  have entered into with defendants or any of them.

- Any contractual duties defendants, or any of them, owed to plaintiff were
  discharged as a consequence of plaintiff's failure to perform.

- Any employment contract entered into by plaintiff and defendants, or any of
  them, was procured by way of fraud.

- Plaintiff has failed to mitigate his alleged damages, any entitlement to which is expressly denied.

**IV.     Counsel certifies that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that they have been unable to identify any material facts that are not in dispute at this time.**

**V.      Case Management Plan:**

A.      <u>Standing Order on Scheduling in Civil Cases</u>

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases (as follows):

B.      <u>Scheduling Conference with the Court</u>

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).  If a conference is scheduled, the parties prefer a conference by telephone.

C.      <u>Early Settlement Conference</u>

1.      The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2.      The parties do not request an early settlement conference.

3.      If an early settlement conference is ordered, the parties prefer a settlement conference with a magistrate judge.

4.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

4

D.    Joinder of Parties and Amendment of Pleadings

1.    The parties should be allowed to file motions to join additional parties and amend the pleadings as allowed under the Federal Rules of Civil Procedure.

E.    Discovery

1.    The parties anticipate that discovery will be needed on Plaintiff's allegations and Defendants' defenses, including, but not limited to:

- Plaintiff's claim that he was an employee of Defendants;
- Defendants' claim that Plaintiff was not an employee of Defendants;
- The relationship between Plaintiff and Defendants;
- Plaintiff's claim that Defendants are joint employers;
- Plaintiff's compensation;
- The termination of Plaintiff's relationship with Defendants and the basis for that decision;
- Plaintiff's damages, including mitigation;
- Defendants' defenses.

2.    All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed by **September 30, 2017.**

3.    Discovery will not be conducted in phases.

4.    The parties anticipate that the plaintiff(s) will require a total of 4-6 depositions of fact witnesses and that the defendants will require a total of 3-5 depositions of fact witnesses.  The depositions will be completed by June 30, 2017.

5.    The parties may request permission to serve more than 25 interrogatories.

6.      Both parties may call expert witnesses at trial.  On or before May 1, 2017, Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2).  Depositions of Plaintiff's experts will be completed by June 30, 2017.

7.      On or before July 31, 2017, Defendants will designate all trial experts and provide opposing counsel with reports from said experts pursuant to Fed. R. Civ.  P. 26(a)(2).  Depositions of such experts will be completed by August 31, 2017.

8.      A damages analysis will be provided by any party who has a claim or counterclaim for damages by January 31, 2017..

9.      Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.  The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

- The parties agree to work cooperatively to try and reach agreement regarding discoverable search terms, including identifying individuals whose communications should be searched, and date ranges for proposed searches;

- As part of the discussions about appropriate search terms, counsel for the responding party will consult with the individuals who sent or received relevant communications and identify proposed search terms.  After the consultations with the custodians, counsel for the responding party will propose search terms to counsel for the requesting party, and counsel will then confer and try to reach agreement on the proposed search terms that will be used;

- However, proposed search terms will not be the exclusive means of searching for electronically stored information, as the responding party is still obligated to identify and produce responsive documents that are discoverable regardless of whether those documents contain one of the agreed upon search terms;

- If a discovery request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms, in accordance with Fed. R. Civ. P. 34(b)(2)(E)(ii);

- If the party serving a request for electronically stored information specifies a requested form of production, the responding party should produce the responsive information in the form requested, unless the responding party has a proper basis for

objecting, which would include an undue burden or cost, or any other factor identified in Fed. R. Civ. P. 26(b)(2)(B);

- If the party responding to a request for electronically stored information objects to the requested form of production, the parties agree to confer in good faith about said objections before the due date for the response.  If the responding party's objections cannot be resolved before the due date of the response, the responding party's objections shall be stated in the responses to the discovery requests, and the responding party must state the form or forms it intends to use, in accordance with Fed. R. Civ. P. 34(b)(2)(D);

- The parties agree that there is a presumption that each party will bear the costs of assembling and producing the discoverable information in its possession. However, if a party responding to discovery believes that compliance with a discovery request will result in undue burden or expense and it intends to seek an order from the Court to shift the cost of responding to the requesting party, such a motion will only be filed after the parties have conferred in good faith concerning the matter, and before the responding party incurs the costs that it intends to ask the Court to shift to the requesting party.

10.     Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  These issues will be controlled by Rule 26(b)(5) of the Federal Rules of Civil Procedure.

11.     The parties will exchange the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure on November 30, 2016.

12.     The parties agree to accept electronic service of documents and communications pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.

F.     <u>Dispositive Motions</u>:

Dispositive motions will be filed on or before November 30, 2017. Oppositions to dispositive motions will be filed on or before January 31, 2018.  Any reply brief with respect to a dispositive motion will be filed on or before March 1, 2018.

G.     <u>Joint Trial Memorandum</u>

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by November 30, 2017 (if no dispositive motion is filed) or 45 days after a ruling on a dispositive motion if summary judgment is denied in whole or in part.

**VI.    Trial Readiness**

The case will be ready for trial no sooner than 30 days after filing the joint trial memorandum.

As officers of the Court, undersigned counsel agrees to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

9

Respectfully submitted,

THE PLAINTIFF


By:_____/s/_____          Date: 10/14/2016
          Magdalena B. Wiktor
          Fed. Bar No. ct28637
          Madsen, Prestley & Parenteau, LLC
          105 Huntington St.
          New London, CT 06320
          Tel. (860) 442-2466
          Fax (860) 447-9206
          Email: mwiktor@mppjustice.com



THE DEFENDANTS


By:_____/s/_____          Date: 10/14/2016
          Lawrence Peikes
          Fed. Bar No. ct07913
          Wiggin and Dana LLP
          Two Stamford Plaza
          281 Tresser Boulevard
          Stamford, CT 06901
          Tel. (203) 363-7600
          Fax (203) 363-7676
          Email: lpeikes@wiggin.com

## CERTIFICATION OF SERVICE

I hereby certify that on this 14th day of October, 2016, a copy of the foregoing Form 26(f) Report of Parties' Planning Meeting, was filed electronically [and served by mail on anyone unable to accept electronic filing].  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].   Parties may access this filing through the Court's system.

 s/
Magdalena B. Wiktor