UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **STEVEN J. EDELSTEIN** : | CIVIL ACTION NO.: |
|     Plaintiff : | |
| : | 3:16-cv-01353 (WWE) |
| v. : | |
| : | |
| **LUCAS BRAND EQUITY, LLC,** : | |
| **HYD USA, LLC, AND JAY LUCAS** : | |
|     Defendants : | **DECEMBER 16, 2016** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND TO JOIN PARTY DEFENDANT

### I.  INTRODUCTION

Pursuant to Rule 15 and 20(a) of the Federal Rules of Civil Procedure, Plaintiff respectfully moves for permission to file his Second Amended Complaint, attached as *Exhibit A*, and to join Karen Ballou ("Ballou"), an individual and a resident of New York as Defendant in this action.  The purpose of Plaintiff's Amendment is to add allegations related to Ballou's role in the events and actions alleged in the Amended Complaint. Defendants will not be unduly prejudiced as a result of the amendment of the complaint at this time, particularly given the early stage of the case. As the interests of justice support Plaintiff's Motion, the Court should grant Plaintiff permission to file the attached Second Amended Complaint.  Pursuant to Local Rule 11(f), Plaintiff has inquired of opposing counsel and has been unable to ascertain their position regarding this request.

1

## II. PLAINTIFF SHOULD BE PERMITTED TO AMEND HIS COMPLAINT

Rule 15 of the Federal Rules of Civil Procedure "has been construed broadly regarding the allowance of an amendment of pleadings. The decision of whether to allow an amendment lies solely within the discretion of the trial court, and such discretion should be employed in conjunction with the 'liberalizing spirit of the Federal Rules.'" *United States v. Continental Ill. Nat'l Bank and Trust Co.*, 889 F.2d 1248, 1254 (2d Cir. 1989)(citing Fed. R. Civ. P. 1). The result of such liberal allowance is that a plaintiff should be allowed to test its claim on the merits if the facts upon which it relies provide a proper basis for relief." *In re Smith*, 204 B.R. 358, 360 (Bkrtcy E.D.N.Y. 1997).

"The courts of the Second Circuit have held that in order to deny leave to amend a pleading, a showing other than mere delay on the part of the movant is required. *See Rachman Bag Co. v. Liberty Mutual Ins. Co.*, 46 F.3d 230, 234-35 (2d Cir. 1995); *State Teachers Retirement Bd v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). This additional showing beyond mere delay can include bad faith of the movant or undue prejudice to the party opposing the motion for leave to amend. The opponent of the motion for leave to amend has the burden of establishing one of these additional factors." *In re Smith*, 204 B.R. 358, 360-61 (Bkrtcy E.D.N.Y. 1997). *See also Phillips v. Kidder, Peabody & Co.*, No. 87 Civ. 4936, 1994 WL 570072 *4 (S.D.N.Y. Oct. 13, 1994).

In accordance with these principles, courts have permitted plaintiffs to amend pleadings where the additional claims incorporated into the amended complaint were based on the same facts and transactions, did not require significant delays of a trial or the expansion of discovery, and where no dispositive motions had yet been filed. *See*

*In re Smith*, 204 B.R. at 361-62; *Union Carbide Corp. v. Siemens Westinghouse Power Corp.*, No. 99 Civ. 12003, 2002 WL 31387269 *3 (S.D.N.Y. Oct. 23, 2002).

This proposed amendment merely adds allegations identifying Ballou who Plaintiff seeks to join as a party Defendant and setting forth the role of Ballou in the same set of transactions and occurrences previously alleged in the Complaint and the First Amended Complaint. The allegations regarding Ballou arise from the same facts and circumstances as those contained in the original Complaint.

Defendant will not suffer any undue prejudice as a result of the proposed amendments to the complaint. Discovery in this case closes on September 30, 2017. To date, Defendants have served no written discovery requests and no depositions have been taken. Therefore, Defendants have adequate opportunity to seek discovery with regard to the additional allegations.

Accordingly, the interests of justice support Plaintiff's motion for leave to amend the complaint.

## II.    PLAINTIFF SHOULD BE PERMITTED TO JOIN AN ADDITIONAL PARTY DEFENDANT

Rule 20(a) provides for the permissive joinder of additional party defendants. Rule 20(a)(2) specifically provides:

> "Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action."

Fed. R. Civ. P. 20(a)(2).

Plaintiff's claims in this action arise out of Lucas Brand Equity, LLC's, HYD USA, LLC's, and Jay Lucas' failure to pay wages and overtime in violation of the Fair Labor Standards Act (FLSA), failure to pay minimum wages in violation of the and the Connecticut Minimum Wage Act (CMWA), breach of the contract between the parties, and wrongful termination of Plaintiff's employment in violation of the FLSA. Ballou, as the (TITLE) of (ENTITY), during Plaintiff's employment, directly or indirectly controlled Plaintiff's work conditions, was responsible for payroll practice violations alleged in the Complaint and the Amended Complaint and made decisions related to Plaintiff's employment including but not limited to his termination from employment.

Under the Federal Rules of Civil Procedure, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties." *Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1028 (2d Cir. 1992)(quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966)). Rule 20(a) "specifically vests in the district court the discretionary power to make such orders as may be required to prevent delay or prejudice." *Barr Rubber Prods. Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1127 (2d Cir. 1970). "Courts have interpreted the requirements of Rule 20(a) liberally so as to promote judicial economy and to allow related claims to be tried within a single proceeding." *Tracy v. NVR, Inc.*, 2009 WL 3153150, at *2 (W.D.N.Y. Sept. 30, 2009); *see also Liegey v. Ellen Figg, Inc.*, 2003 WL 21361724, at *3 (S.D.N.Y. Jun 11, 2003)("Rule 20(a) should be interpreted liberally . . . "); *A.I.A. Holdings, S.A. v. Lehman Brothers, Inc.*, 1998 WL 159059, at *5 (S.D.N.Y. Apr. 1, 1998)(Rule

20(a) to be interpreted liberally "to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding"). In her actions and statements with regard to Plaintiff's working conditions and payment of wages, Ballou has actively participated in the actions and events that form the basis of this action. By controlling, directly or indirectly, Plaintiff's working conditions and by being responsible for the payroll practice violations alleged in the Amended Complaint, Ballou was a joint employer along with Defendants Lucas Brand Equity, LLC, HYD USA, LLC, and Jay Lucas. Ballou is therefore a proper party Defendant to this action, as any relief claimed by the Plaintiff would rightfully be asserted against Ballou in addition to the current party Defendants to this suit, and would arise from common questions of fact or law arising out of the same occurrences and transactions as with the current party Defendants.

Given her active participation in the events and occurrences giving rise to the issues in this action, joining Ballou as a defendant in this action is appropriate in this case.

**IV.    CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that the Court grant Plaintiff leave to amend the Complaint and to join Karen Ballou as an additional party Defendant.

>PLAINTIFF,
>STEVEN EDELSTEIN
>
>
>By:     /s/ Magdalena B. Wiktor
>Magdalena B. Wiktor (CT28647)
>Madsen, Prestley & Parenteau, LLC
>105 Huntington Street
>New London, CT 06320
>(860) 442-2466 – Telephone
>(860) 447-9206 – Facsimile
>Attorneys for the Plaintiff
>mwiktor@mppjustice.com

**CERTIFICATION OF SERVICE**

I hereby certify that on this 16th day of December, 2016, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

>  s/
>Magdalena B. Wiktor