### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **STEVEN J. EDELSTEIN** | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | **3:16CV01353 (WWE)** |
| **v.** | : | |
| | : | |
| **LUCAS BRAND EQUITY, LLC,** | : | |
| **HYD USA, LLC, AND JAY LUCAS** | : | |
| **Defendants.** | : | **DECEMBER 20, 2016** |

### APPLICATION FOR PREJUDGMENT REMEDY
### AND MOTION FOR DISCLOSURE

TO THE DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:

The undersigned represents:

1.      That the Plaintiff, Steven J. Edelstein ("Applicant"), has filed an action against the Defendants, Lucas Brand Equity, LLC, HYD USA, LLC and Jay Lucas.  A copy of the operative Complaint is attached hereto as Exhibit A.

2.      There is probable cause that a judgment will be rendered in this matter in favor of the Applicant.  To secure the judgment, the Applicant seeks an order from the Court directing the following prejudgment remedy be issued to secure all prejudgment and post-judgment interest in the sum of $320,000.00.

> To attach the real and the personal property, including bank
> accounts, of the Defendants Lucas Brand Equity, LLC, HYD
> USA, LLC and Jay Lucas, as shall be disclosed in response to
> Plaintiff's Motion for Disclosure.

PLAINTIFF,
STEVEN J. EDELSTEIN


By: _____/s/_____
Magdalena B. Wiktor (ct28647)
Madsen, Prestley & Parenteau, LLC
105 Huntington Street
New London, CT 06320
Telephone:  (860) 442-2466
Fax:  (860) 447-9206
mwiktor@mppjustice.com
His Attorneys

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **STEVEN J. EDELSTEIN** | : | **CIVIL ACTION NO.:** |
| **Plaintiff** | : | |
| | : | **3:16-cv-01353 (WWE)** |
| **v.** | : | |
| | : | |
| **LUCAS BRAND EQUITY, LLC,** | : | |
| **HYD USA, LLC, AND JAY LUCAS** | : | |
| **Defendants** | : | **September 27, 2016** |

## FIRST AMENDED COMPLAINT

### INTRODUCTION

1. This is an action for money damages, liquidated damages, costs, attorneys' fees and other relief as a result of Defendants' failure to pay compensation to Plaintiff, in violation of federal and state wage and hour laws.

2. Plaintiff brings this as an individual action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (hereinafter "the FLSA"). This is also an action for wage and hour violations of the Connecticut Minimum Wage Act, 31-58 et seq. (hereinafter "the CMWA"). Plaintiff further alleges claims for breach of contract and unjust enrichment.

### PARTIES

3. Plaintiff, Steven Edelstein ("Plaintiff" or "Edelstein"), is an individual who at all times relevant to this Complaint resided in New Haven, Connecticut. At all times relevant to this Complaint, Plaintiff was jointly employed by Defendants Lucas Brand Equity, LLC and HYD USA, LLC.

4. Defendant, Lucas Brand Equity, LLC ("LBE") is a foreign corporation whose principal place of business is New York, NY. Defendant LBE transacts business in the State of

Connecticut and is an employer engaged in interstate commerce as that term is defined under the FLSA.

5.     Defendant, HYD USA, LLC ("HYD") is a foreign corporation whose principal place of business is New York, NY.  Defendant HYD transacts business in the State of Connecticut and is an employer engaged in interstate commerce as that term is defined under the FLSA.

6.     Defendants LBE and HYD participated in an integrated enterprise by which Defendants LBE and HYD jointly employed Plaintiff.

7.     Defendant Jay Lucas ("Lucas") is an individual currently residing at 125 West 31st Street, Apartment 55F, New York, NY.

8.     During Plaintiff's employment, Defendant Lucas was a joint employer along with Defendants LBE and HYD because, directly or indirectly, he controlled Plaintiff's work conditions and was responsible for payroll practice violations alleged herein.

**JURISDICTION**

9.     The United States District Court for the District of Connecticut has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because it raises questions under the FLSA.  Jurisdiction over Plaintiff's state law claim is conferred by 28 U.S.C. § 1367. This Court also has jurisdiction under the provisions of 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and Plaintiff does not share a state of citizenship with any defendant.

**FACTUAL BACKGROUND**

10.     Plaintiff commenced his full-time employment with Defendants LBE and HYD on September 1, 2015 as Chief Operating Officer.

11.     Plaintiff was hired as a Connecticut-based employee, working from his home office in New Haven CT office.

12.     At the time of his hire, Plaintiff and Defendants agreed that, in exchange for his services as Chief Operating Officer, Plaintiff would be compensated at the rate of $120,000 per year, payable in semi-monthly payments of $5000.00.

13.     At the time of his hire, Plaintiff and Defendants agreed that Defendants would reimburse Plaintiff for business-related expenses.

14.     When he was hired, Plaintiff was led to believe that he would be employed as a direct employee.   Shortly after commencing his employment, however, Plaintiff learned that, instead of properly classifying and paying him as a W-2 employee, Defendants improperly classified and have paid Plaintiff as an independent contractor and have improperly reported his earnings on an IRS Form 1099.  As a direct consequence of this improper classification, Plaintiff has suffered damages, including the requirement to pay "self-employment" taxes.

15.     Plaintiff is an "employee" of Defendants within the meaning of the Fair Labor Standards Act and the Connecticut Minimum Wage Act

16.     Since mid-May, 2016, Defendants have failed and/or refused to pay Plaintiff any compensation whatsoever.  As of the date of this Complaint, Defendants owe Plaintiff approximately $30,000 in unpaid compensation.

17.     Additionally, since February of 2016, Plaintiff has incurred approximately $2500.00 in business related expenses for which Defendants have failed or refused to compensate Plaintiff.

3

**COUNT ONE:**     **FAILURE TO PAY WAGES IN VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT (as against all Defendants)**

18.     Based on the foregoing, Defendants have failed to pay Plaintiff for all of the compensation to which he is entitled under the CMWA.

19.     Defendants violated the CMWA.

20.     As a result of Defendants' willful violation of the CMWA, Plaintiff is entitled to compensation for all compensation earned plus liquidated damages, attorneys' fees and costs.

**COUNT TWO:**     **BREACH OF CONTRACT (as against all Defendants)**

21.     By failing to provide Plaintiff any compensation whatsoever for the pay period beginning mid-April, 2016 to the present, Defendants breached the contract between the parties under which Plaintiff would receive $120,000 per year, payable in semi-monthly payments of $5000.00, in exchange for his services.

22.     As a result of Defendants' breach of contract, Plaintiff has suffered damages and is entitled to compensation.

**COUNT THREE:**     **VIOLATION OF THE FLSA FOR FAILURE TO PAY MINIMUM WAGE (as against all Defendants)**

23.     By failing to provide Plaintiff any compensation whatsoever for the pay period beginning mid-April, 2016 to the present, Defendants established a practice under which Plaintiff's pay is subjected to "docking."  As such, Defendants have failed to pay Plaintiff on a salary basis and have similarly lost the ability to treat Plaintiff as an exempt employee.

24.     Defendants have violated the minimum wage provisions of the FLSA by failing to pay Plaintiff the minimum wage for all hours worked since mid-April 2016.

25.     As a result of Defendants' willful failure to pay minimum wage to the Plaintiff, Plaintiff is entitled to damages, plus liquidated damages, attorneys' fees and costs.

4

**COUNT FOUR:**    **VIOLATION OF THE FLSA FOR FAILURE TO PAY OVERTIME COMPENSATION (as against all Defendants)**

26.    By failing to provide Plaintiff any compensation whatsoever for the pay period beginning mid-April, 2016 to the present, Defendants established a practice under which Plaintiff's pay is subjected to "docking." As such, Defendant have failed to pay Plaintiff on a salary basis and have similarly lost the ability to treat Plaintiff as an exempt employee.

27.    Defendants have violated the overtime provisions of the FLSA by failing to pay Plaintiff the overtime premium of one and a half times Plaintiff's base hourly rate for all hours worked in excess of forty hours per week since the commencement of his employment to the present.

28.    As a result of Defendants' willful failure to pay overtime compensation to the Plaintiff, Plaintiff is entitled to damages, plus liquidated damages, attorneys' fees and costs.

**COUNT FIVE:**    **DECLARATORY AND INJUNCTIVE RELIEF (as against all Defendants)**

29.    An actual controversy has arisen and now exists between Plaintiff, on the one hand, and Defendants, on the other, concerning the respective rights and duties of the parties.

30.    Plaintiff contends that Defendants have breached the parties' contract of employment and have violated state and federal wage and hour law.

31.    Plaintiff therefore seeks a declaration of the parties' respective rights and duties under the parties' employment contract and under wage and hour laws and to declare the aforementioned conduct of Defendants as unlawful so that future controversies may be avoided.

32.    Plaintiff further seeks an injunction temporarily, preliminarily, and permanently requiring Defendants to immediately resume compensation payments to Plaintiff and to continue to do so in compliance with state and federal law.

**COUNT SIX:     WRONGFUL TERMINATION OF EMPLOYMENT (as against all Defendants)**

33.     Since May, 2016, Plaintiff consistently complained about Defendants' failure to pay him compensation as required by federal and state wage and hour laws.

34.     Additionally, after Plaintiff filed his Complaint in the instant action, which alleges violations of the Fair Labor Standards, Defendants, through their counsel, sent a communication to Plaintiff's representative indicating that Plaintiff was no longer an employee of Defendants.

35.     Plaintiff engaged in protected activity under the FLSA.

36.     Defendants had knowledge of Plaintiff's protected activity.

37.     Defendants took adverse actions against Plaintiff after his protected activity, and there is a causal connection between Plaintiff's protected activity and Defendants' adverse actions against Plaintiff for that protected activity.

38.     Defendants' violation of the FLSA in retaliating against Plaintiff by terminating his employment was willful.

39.     Plaintiff has sustained damages as a result of Defendants' willful violation of the FLSA, including, but not limited to, lost compensation and benefits, liquidated damages, attorney's fees and costs.


**DEMAND FOR RELIEF**

**WHEREFORE**, Plaintiff claims:

1.     Unpaid wages under the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58 *et seq.*

2.     Unpaid minimum and overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58 *et seq.*;

6

3.    Contract damages resulting from Defendants' breach of contract;

4.    Liquidated damages under the Fair Labor Standards Act, 29 U.S.C.§ 201 *et seq.*;

5.    Penalty damages under the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58 *et seq.*;

6.    All damages resulting from Defendants' wrongful termination of Plaintiff's employment, including back pay, front pay, lost benefits, past and future economic losses and harm, compensatory damages, damages relating to emotional distress, and punitive and/or liquidated damages;

7.    Interest;

8.    Costs;

9.    Injunctive Relief;

10.    An award of Attorneys' Fees under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58 *et seq.*;

11.    *Such other relief as in law or equity may pertain.*

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Plaintiff, Steven J. Edelstein

By:_____*/s/ William G. Madsen*_____
William G. Madsen (ct09853)
Madsen, Prestley & Parenteau, LLC
402 Asylum Street Hartford, CT 06103
Tel.: (860) 246-2466  Fax: (860) 246-1794
wmadsen@mppjustice.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| STEVEN J. EDELSTEIN | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:16CV01353 (WWE) |
| v. | : | |
| | : | |
| LUCAS BRAND EQUITY, LLC, | : | |
| HYD USA, LLC, AND JAY LUCAS | : | |
|     Defendants. | : | DECEMBER 20, 2016 |

## ORDER OF NOTICE AND HEARING

The foregoing Motion having been presented to the Court, it is hereby

ORDERED, that a hearing be held thereon on _____ at _____

a.m./p.m. at the District Court of Connecticut,  915 Lafayette Boulevard, Bridgeport,

Connecticut, and that the plaintiff give notice to the defendants pursuant to Connecticut

General Statutes § 52-278m of the filing of the Motion and of the time when it will be

heard by causing a true and attested copy of the Motion, Complaint, Affidavit and of this

Order, together with such Notice as is required under subsection 52-278m, to be served

upon the defendants, and that Counsel for Plaintiff provide certification of service made

to this court.

Dated at Bridgeport, Connecticut this _____ day of _____, 2016.


BY THE COURT


_____
Clerk/Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Application for Prejudgment Remedy

was served on the 20th day of December, 2016, on the following:

Lawrence Peikes, Esq.
Wiggin and Dana LLP
Two Stamford Plaza
281 Tresser Boulevard
Stamford, CT 06901


_____ */s/ Magdalena B. Wiktor_____
Magdalena B. Wiktor

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| STEVEN J. EDELSTEIN | : | CIVIL ACTION NO. |
| **Plaintiff,** | : | 3:16CV01353 (WWE) |
| v. | : | |
| | : | |
| LUCAS BRAND EQUITY, LLC, | : | |
| HYD USA, LLC, AND JAY LUCAS | : | |
| **Defendants.** | : | DECEMBER 20, 2016 |

**ORDER**

The foregoing application for issuance of a Prejudgment Remedy in the above-entitled matter having been presented and having been heard, it is hereby:

ORDERED, that counsel for the Plaintiff may obtain the requested prejudgment remedy in the sum of $_____ as follows:

> To attach or garnishee real or personal property, including but not limited to bank accounts, of the Defendants, Lucas Brand Equity, LLC, HYD USA, LLC and Jay Lucas, as disclosed in response to the Plaintiff's Motion for Disclosure.

IT IS FURTHER ORDERED that the Plaintiff may apply for further specific orders of attachment or to garnishee upon the disclosure of assets by the Defendant without further hearing.

Dated at Bridgeport, Connecticut on this _____ day of _____ 2016.

BY THE COURT:

_____
Judge/(Chief)Clerk

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

STEVEN J. EDELSTEIN        :      **CIVIL ACTION NO.**
      **Plaintiff,**         :      **3:16CV01353 (WWE)**
**v.**                  :
                     :
**LUCAS BRAND EQUITY, LLC,**     :
**HYD USA, LLC, AND JAY LUCAS**    :
      **Defendants.**         :      **DECEMBER 20, 2016**

### MOTION FOR DISCLOSURE

The Plaintiff in the above captioned action, pursuant to Connecticut General Statutes § 52-278 and Local Rule 4(c) of the District Court of Connecticut hereby moves that the Defendants, Lucas Brand Equity, LLC, HYD USA, LLC and Jay Lucas, disclose upon oath in Court any property of the following nature in which they, individually and/or jointly, have an interest or any debt due to them as follows:

1.     The location of all bank accounts in the name of the defendants, individually and/or with any other party jointly, including the name and address of the other party or parties, account numbers and addresses of the bank location where each such account was first established.

2.     The location of all bank accounts that are in the name of a party other than the defendants, but in which the defendants have or claim an interest, including the name and address of the party in whose name the account was established, the account number and the addresses of the bank location where each such account was first established.

3.     A list of all accounts receivable, including the name and address of each account debtor/customer, and the amount due to the defendants.

4.    A list of all contracts and/or purchase orders for the purchase of goods and/or services from the defendants in the process of being fulfilled or to be fulfilled in the future, including the name and address of each entity made a party to the contract, the consideration to be paid for each such contract, and the anticipated date of completion, termination and/or extension for each such contract.

5.    A list of all causes of action that are presently in suit wherein either of the defendants herein is the plaintiff, including the names of defendants in all such suits and their addresses, the names of such defendants' attorneys and their addresses, the courts to which each of such actions are returnable, the amount of damages claimed by the plaintiff(s) in each such suit, the status of each such case, and the terms of any prejudgment remedies granted in each such action.

6.    A list of all other persons or entities who are indebted to the defendants, including their names, addresses and the amounts due for each debtor.

7.    State the amount of any personal property the defendants presently have in their possession by item and approximate value of each item.

8.    Itemize all machinery and equipment owned by the defendants, including a description of each such item of machinery and equipment, the serial number of each such item of machinery and equipment, the year of manufacture of each such item of machinery and equipment, and the cost and date of purchase of each such item of machinery and equipment.

9.  Itemize all motor vehicles owned by the defendants, including for each such vehicle the year of manufacture, the make, the model, the manufacturer's identification number, the state of registration, the registration number, and the

license plate number.

10.  Itemize all buildings, furniture and fixtures owned by the defendants, including a description of each item, the date of purchase of each such item and the cost of each such item at the time of purchase.

11.  State the location of all personal property, machinery, equipment, motor vehicles, buildings, furniture and fixtures itemized above in response to Interrogatories 7 through 10.

12.  State the location of all real property, including real property in states other than Connecticut, in which the defendants or any of their divisions or wholly owned subsidiaries have an interest.

The Plaintiff hereby respectfully requests that this Court make this order of discovery a continuing order on the defendants.

PLAINTIFF,
STEVEN EDELSTEIN

By:     /s/
        Magdalena B. Wiktor (ct28647)
        Madsen, Prestley & Parenteau, LLC
        105 Huntington Street
        New London, CT 06320
        Telephone:  (860) 442-2466
        Fax:  (860) 447-9206
        mwiktor@mppjustice.com
        His Attorneys

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **STEVEN J. EDELSTEIN** | : | **CIVIL ACTION NO.** |
|     **Plaintiff,** | : | **3:16CV01353 (WWE)** |
| **v.** | : | |
| | : | |
| **LUCAS BRAND EQUITY, LLC,** | : | |
| **HYD USA, LLC, AND JAY LUCAS** | : | |
|     **Defendants.** | : | **DECEMBER 20, 2016** |

## <u>O R D E R</u>

The foregoing Motion having been presented to this Court, and probable cause

sufficient for the issuance of a prejudgment remedy against Lucas Brand Equity, LLC, HYD

USA, LLC and Jay Lucas, in the amount of _____ having been established it is:

ORDERED, that Defendants, Lucas Brand Equity, LLC, HYD USA, LLC and Jay

Lucas,  disclose in writing under oath all information requested in the plaintiff's Motion for

Disclosure dated December 20, 2016, on or before _____, 2017.

Dated at Bridgeport, Connecticut this ____ day of _____ 2016.

BY THE COURT:

_____
Judge/(Chief)Clerk

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Disclosure was served on

the 20th day of December, 2016, on the following:


Lawrence Peikes. Esq.
Wiggin and Dana LLP
Two Stamford Plaza
281 Tresser Boulevard
Stamford, CT 06901



_____ */s/ Magdalena B. Wiktor*_____
Magdalena B. Wiktor

## **NOTICE TO DEFENDANT PURSUANT TO C.G.S. § 52-278c**

YOU HAVE RIGHTS SPECIFIED IN THE CONNECTICUT GENERAL STATUTES CHAPTER 903(a) WHICH YOU MAY WISH TO EXERCISE CONCERNING THIS APPLICATION FOR A PREJUDGMENT REMEDY.  THESE RIGHTS INCLUDE THE RIGHT TO A HEARING:

(1)   TO OBJECT TO THE PROPOSED PREJUDGMENT REMEDY BECAUSE YOU HAVE A DEFENSE TO OR SET-OFF AGAINST THE ACTION OR A COUNTERCLAIM AGAINST THE PLAINTIFF OR BECAUSE THE AMOUNT SOUGHT IN THE APPLICATION FOR THE PREJUDGMENT REMEDY IS UNREASONABLY HIGH OR BECAUSE PAYMENT OF ANY JUDGMENT THAT MAY BE RENDERED AGAINST YOU IS COVERED BY ANY INSURANCE THAT MAY BE AVAILABLE TO YOU;

(2)   TO REQUEST THAT THE PLAINTIFF POST A BOND IN ACCORDANCE WITH SECTION 52-278d OF THE GENERAL STATUTES TO SECURE YOU AGAINST ANY DAMAGES THAT MAY RESULT FROM THE PREJUDGMENT REMEDY;

(3)   TO REQUEST THAT YOU BE ALLOWED TO SUBSTITUTE A BOND FOR THE PREJUDGMENT REMEDY SOUGHT; AND

(4)   TO SHOW THAT THE PROPERTY SOUGHT TO BE SUBJECTED TO THE PREJUDGMENT REMEDY IS EXEMPT FROM SUCH A PREJUDGMENT REMEDY.