April 26, 2017

**Via ECF/CM**

Honorable Joan G. Margolis
United States Magistrate Judge
for the District of Connecticut
Richard C. Lee United States Court House
141 Church Street
New Haven, Connecticut 06510

      Re:    Evidence for the Prejudgment Attachment in *Edelstein v. Lucas Brand Equity, LLC et al.*, 16 Civ. 01353

Judge Margolis:

      Today, Defendants filed a motion to modify the discovery schedule (CM/ECF No. 51). Defendants seek to stay the current discovery order for 60 days and then, if the evidence establishes that Plaintiff has standing, discovery be completed on November 30, 2017, and dispositive motion due on January 31, 2018.

      The motion raises a different issue than the one currently before the court. Namely, this motion raises the issue of whether evidence will show that Plaintiff was working on behalf of a limited liability he established, The Logical Step, LLC.[1] In particular, an email sent from Plaintiff's company account (steve@hydforme.com) was sent behalf of the LLC, not him individual or as Chief Operating Officer of Hyd.

      Defendants write this letter to address another issue. At the hearing held on February 23, 2017, Plaintiff repeatedly testified that he stopped running The Logical Step, LLC, in 2011 (CM/ECF No. 47-1, Exhibit A at 32 ("Q When did you run that company? A From 2006 to 2011."); *id.* at 123 ("Earlier you testified that you stopped working for Logial Step in 2011. Was that true? A That is correct.").

      The evidence submitted today in support of the motion undermines Plaintiff's credibility as it shows Plaintiff continued to send emails on behalf of The Logical Step, LLC as late as February 2016 – five months after he began working as Chief Operating Officer for HYD USA, LLC. Defendants ask that this evidence be considered in deciding Plaintiff's Motion for Prejudgment Remedy along with the evidence submitted today by Plaintiffs' counsel in the letter to you that shows on Linkedin Plaintiff listed his employment with The Logical Step, LLC, until November 2016.

---

[1] The other motion raises the issue of whether Plaintiff has sued the correct legal entity and person (Lucas Brand Equity LLC and Jay Lucas). If not, the court lacks subject matter jurisdiction over those two defendants.

1

If the Court finds that re-opening the hearing is needed in order for this evidence to be considered, Defendants respectfully move to do so.

Sincerely,

Sincerely,
/s/ *Brian Lehman*

Brian Lehman
Lehman LG LLC
Lehman Law Group
724-453-4626
brian@lehmanlawgroup.com

cc: Counsel for Plaintiff (by ECF)