IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------------x
                                                       :
STEVEN J. EDELSTEIN                                    :    16 CV 1353 (WWE)
                                                       :
v.                                                     :
                                                       :
LUCAS BRAND EQUITY, LLC,                               :
HYD USA, LLC, and JAY LUCAS                            :    DATE: MAY 1, 2017
-------------------------------------------------------x
```

RULING ON DEFENDANT LUCAS' MOTION TO QUASH AND FOR PROTECTIVE ORDER

On August 9, 2016, plaintiff Steven J. Edelstein, a resident of Connecticut, commenced this action against New York defendants Lucas Brand Equity, LLC ["LBE"], HYD USA, LLC ["HYD"], and Jay Lucas (Dkt. #1), which Complaint was superseded by an Amended Complaint on September 27, 2016. (Dkt. #14). In his Amended Complaint, plaintiff alleges that defendants failed to ply plaintiff in violation of federal and state wage and hour laws. (Id.). Specifically, plaintiff, who was employed as the Chief Operating Officer of defendants LBE and HYD, alleges that defendants improperly characterized plaintiff as an independent contractor, and in doing so, failed to pay plaintiff wages in violation of the Connecticut Minimum Wage Act ["CMWA"](Count One); breached the employment contract defendants had with plaintiff (Count Two); failed to pay plaintiff in violation of the Fair Labor Standards Act ["FLSA"](Count Three); failed to pay plaintiff overtime compensation in violation of the FLSA (Count Four); and wrongfully terminated plaintiff in violation of the FLSA (Count Six). (Id.). Plaintiff also seeks declaratory and injunctive relief against all defendants (Count Five). (Id.).[1]  On October 11, 2016, defendants filed their Answer and Affirmative Defenses. (Dkt. #16).

---

[1] On December 16, 2016, plaintiff filed a Motion for Leave to Amend Complaint and to Join Party Defendant, in which he seeks to join Karen Ballou. (Dkts. ##19-20). This motion is pending before Senior United States District Judge Warren W. Eginton.

1

On February 3, 2017, defendant Jay Lucas filed the pending Motion to Quash (Dkt. #31),[2] and brief in support, in which Lucas seeks a protective ordered designating New York, New York, as opposed to Hartford, Connecticut, as the appropriate place for his deposition. On March 3, 2017, plaintiff filed his brief in opposition. (Dkt. #42).[3] On March 21, 2017, defendant Lucas filed a letter confirming that the briefing was complete. (Dkt. #43). On April 13, 2017, Judge Eginton referred this Motion to Quash to this Magistrate Judge. (Dkt. #48).

For the reasons stated below, defendant Lucas' Motion to Quash and for Protective Order (Dkt. #31) is <u>denied in part</u>.

## I. DISCUSSION

In his brief, defendant Lucas argues that he should be deposed where he resides, which is New York City, or, in the alternative, the deposition should take place by videoconference. (Dkt. #31, Brief at 2-3). Plaintiff counters that travel for plaintiff and his counsel to New York City for a deposition, along with the expense associated with renting a conference room, would impose a financial burden on plaintiff. (Dkt. #42, at 2).

"The Federal Rules of Civil Procedure do not state categorically the location where depositions are to take place." <u>Ward v. LeClarie</u>, No. 9:07-CV-0026 (LEK)(RFT), 2008 WL 1787753, at *4 (N.D.N.Y. Apr. 17, 2008)(footnote omitted). However, "[a]s a general rule, the party that notices the deposition 'usually has the right to choose the location.'" <u>Aztec Energy Partners, Inc. v. Sensor Switch, Inc.</u>, No. 3:07 CV 775(AHN)(HBF), 2008 WL 747660, at *2 (D. Conn. March 17, 2008), <u>quoting Buzzeo v. Bd. of Educ.</u>, 178 F.R.D. 390, 392 (E.D.N.Y. 1998). Courts, however, "retain substantial discretion to designate the site of a deposition," <u>Buzzeo</u>, 178 F.R.D. at 392

---

[2] Attached as Exh. A is a copy of the Re-Notice of Deposition, dated January 13, 2017.

[3] Attached to plaintiff's brief in opposition is another copy of the Re-Notice of Deposition.

(citations & internal quotations omitted), and when exercising such discretion, the court considers three factors: cost, convenience, and litigation efficiency. Brockway v. Veterans Admin. Healthcare Sys., No. 3:10 CV 719 (CSH), 2011 WL 1459592, at *5 (D. Conn. Apr. 15, 2011)(citations omitted).

In his motion, defendant Lucas does not argue that travel to Hartford will impose upon him an undue financial hardship, but rather that his deposition should be held in New York, the location of his residence. Defendant Lucas is correct that there exists "a presumption that the deposition of a defendant should be held in the district of his residence[,]" Dagen v. CFC Holdings Ltd., No. 00 Civ. 54682 (CBM), 2003 WL 21910861, at *2 (S.D.N.Y. Aug. 11, 2013)(multiple citations & internal quotations omitted); however, plaintiff may rebut this presumption by satisfying his "affirmative burden of demonstrating 'peculiar' circumstances which compel the court to order the [defendant's] deposition[] to be held in an alternate location." Id. (citations omitted). "Undue hardship is among these factors for consideration, which would include burdensome travel costs and other expenses." Ward, 2008 WL 1787753, at *4 (multiple citations omitted). In this case, plaintiff has satisfied such burden.

In his Amended Complaint, plaintiff alleges that defendants failed to pay plaintiff through the last period of his employment (Dkt. #14), and, as plaintiff testified at his hearing on his Motion for Prejudgment Remedy held before this Magistrate Judge on February 23, 2017 (Dkt. #37; see Dkts. ##26, 35, 38), plaintiff has remained unemployed. Based on plaintiff's current circumstance, the costs and expenses of taking defendant Lucas' deposition out of state will pose an undue hardship on plaintiff and is sufficient to satisfy plaintiff's affirmative burden. Additionally, litigation efficiencies favor a deposition held in Connecticut, the state in which this action was commenced.[4]

---

[4]That said, a more cost effective alternative exists. Defendant Lucas has agreed to have his deposition taken by videoconference, which will also serve to alleviate plaintiff of the burdensome travel costs and expenses. (See Dkt. #31, at 1).

3

II. CONCLUSION

Accordingly, for the reasons stated above, defendant Lucas' Motion to Quash and for Protective Order (Dkt. #31) is <u>denied in part.</u>

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Impala v. United States Dept. of Justice</u>, ____ F. App'x ___, 2016 WL 6787933 (2d Cir. Nov. 15, 2016)(summary order)(failure to file timely objection to Magistrate Judge's recommended ruling will preclude further appeal to Second Circuit); <u>cf. Small v. Sec'y, H&HS</u>, 892 F.2d 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

Dated at New Haven, Connecticut this 1st day of May, 2017.

/s/ Joan G. Margolis, USMJ_____
Joan Glazer Margolis
United States Magistrate Judge

---

In some of the cases cited, there was a substantial distance between the two locations suggested by the parties – Georgia and Indiana instead of Hartford, <u>Aztec Energy</u>, 2008 WL 747660, at *2; Hong Kong instead of New York City, <u>Dagen</u>, 2003 WL 221010861, at *2.  In this case, only 125 miles separate Hartford and New York City, which makes travel between the two cities relatively simple, by interstate or train.  Counsel would do well in the future not to burden the Court with discovery matters that trained professionals acting reasonably ought to be able to resolve between themselves.