UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEVEN J. EDELSTEIN,  :  Plaintiff,  : : v.  : : LUCAS BRAND EQUITY, LLC, ET AL.,  :  Defendants.  : | CIVIL ACTION NO.: 3:16-cv-01353 (WWE) MAY 4, 2017 |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PREJUDGMENT ATTACHMENT [DOC. 50]
AND OPPOSTION TO ADDITIONAL EVIDENCE FOR THE PREJUDGMENT ATTACHMENT [DOC. 52]**

Plaintiff, Steven Edelstein, hereby submits this reply and objection to Defendants' Lucas Brand Equity, LLC and Jay Lucas Additional Evidence in Support of its Memorandum of Law in Opposition to Plaintiff's Motion for Prejudgment Remedy and Motion for Disclosure. [Doc. 52]. In essence, Plaintiff objects to Defendant's attempt to subvert the process for applications for prejudgment remedy by submitting evidence months after the hearing, thereby depriving Plaintiff of the opportunity to object to the evidence and garner testimony on the record regarding the proposed evidence.

In their brief (Doc. 50) responding to Plaintiff's post-hearing brief (Doc. 47), Defendants claim that Plaintiff should have known that he was laid off because (1) the money stopped coming; (2) his duties changed; and (3) his communications with Karen Ballou were less frequent than they had been in the past. However, as testimony at the PJR hearing and exhibits submitted at that time establish, (1) there were a number of times prior to May 2016 when Plaintiff's salary was not paid in a timely manner; (2) as the circumstances of the company changed, so did Plaintiff's duties; and (3) Plaintiff's

communications with Karen Ballou became more infrequent, but did not stop. If Plaintiff's employment had indeed terminated in May, (1) why assure him that salary payments would be forthcoming; (2) why did his duties change instead of just cease; and (3) why was Ms. Ballou still in communication with him after May 2016? Defendants' claims that Plaintiff should have known, and that any reasonable person would have known, that his employment had terminated, cannot stand in the face of the testimony and evidence submitted at the PJR Hearing.

Plaintiff submitted his application for prejudgment remedy on December 20, 2016, and the hearing on Plaintiff's application was held on February 23, 2017. The parties had two months to gather evidence in support of their positions prior to the hearing on February 23, 2017. Defendants' attempt to submit evidence more than two months after the hearing on Plaintiff's Application for Prejudgment Remedy is a backdoor attempt to get evidence considered without any examination of this evidence.

The evidence that Defendants are attempting to submit at the last minute consists of two documents.  The first is what Defendants purport to be an email from Plaintiff to a vendor on behalf of The Logical Step, LLC (Exhibit A to Doc. 51-2) and the second is Plaintiff's LinkedIn page where employment at The Logical Step is listed (Exhibit 4 to Plaintiff's Letter to The Honorable Joan G. Margolis dated April 26, 2017). Both of these documents were available to Defendants prior to the PJR hearing, but were not submitted as evidence at that hearing. Submitting these documents now is clearly an attempt by the Defendants to bolster their argument that Plaintiff was an independent contractor for the Defendants who also worked in that capacity for The Logical Step. However, even if this Court were to accept Defendants far-fetched

argument that Plaintiff was an "independent contractor" because he worked for The Logical Step during the same time he worked for Defendants, this in no way undermines Plaintiff's claim for breach of contract as there is still probable cause to believe that there was an employment contract between the parties which Defendants breached.

As discussed at the hearing on Plaintiff's Application for a prejudgment remedy and in Plaintiff's subsequent brief on the matter, Defendant Jay Lucas offered employment to Plaintiff, by letter dated September 9, 2015 "at the salary of $120,000 per year, plus health care benefits and related items provided by the company." *See* Plaintiff's Hearing Ex. 1; Doc. 47.  This letter shows the formation of an agreement between the parties.  At the hearing Plaintiff presented unrebutted testimony that those terms in the September 9, 2015 letter were accepted by the parties.  Defendants then breached that contract by unilaterally discontinuing Plaintiff's compensation in May 2016, despite the fact that Plaintiff continued to perform those services up to September 12, 2016.

If Defendants wanted to pursue this line of argument, that Plaintiff was not an employee but rather an independent contractor, Defendants had abundant time to explore this topic and present evidence in support at the prejudgment remedy hearing over two months ago.  The time for Defendants to enter exhibits and evidence in support of their position was at the hearing in February, not by letter months later.

Wherefore, Plaintiff requests the Court find that Plaintiff is entitled to the prejudgment remedy sought and deny Defendants' Motion to submit additional evidence months after the prejudgment remedy hearing.

PLAINTIFF,
STEVEN EDELSTEIN

By:    */s/ Claire M. Howard*
    Claire M. Howard, Esq. (ct29654)
    Madsen, Prestley & Parenteau, LLC
    402 Asylum Street
    Hartford, CT 06103
    Tel. (860) 246-2466   Fax. (860) 246-1794
    choward@mppjustice.com
    Attorneys for the Plaintiff


## **CERTIFICATION OF SERVICE**

    I hereby certify that on this 4th day of May, 2017, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

        */s/ Claire M. Howard*
        Claire M. Howard