## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **STEVEN J. EDELSTEIN,** | : | **CIVIL ACTION NO.:** |
| **Plaintiff,** | : | |
| | : | **3:16-cv-01353 (WWE)** |
| **v.** | : | |
| | : | |
| **LUCAS BRAND EQUITY, LLC, ET AL.,** | : | |
| **Defendants.** | : | **MAY 5, 2017** |

### MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS

### I.   INTRODUCTION

The Plaintiff, Steven Edelstein, hereby objects to Defendants' Motion to Dismiss, dated April 14, 2017 [Doc. # 49], which seeks to dismiss Plaintiff's claims against Lucas Brand Equity, LLC ("LBE") and Jay Lucas.  Defendants' misguided motion, which fails to cite any case law or Plaintiff's Complaint, argues that Plaintiff lacks Article III standing to Defendants Lucas Brand and Jay Lucas because he has not properly alleged injury.

As discussed below, under the joint employer analysis, which Defendants' motion wholly ignored, Plaintiff's pleadings and the evidence collected thus far evidence that Defendants LBE, HYD and Jay Lucas are Plaintiff's joint employer. Defendants jointly hired, paid, supervised, and fired Plaintiff.  This is sufficient to establish Defendants as Plaintiff's joint employer. Defendants' frivolous motion to dismiss must be denied in its entirety.

### II.   BACKGROUND

Steven Edelstein began working full time for Defendants on September 1, 2015 as Chief Operating Officer. Plaintiff's First Amended Complaint ("Compl.") ¶

1

10.  Ex. 1, December 9, 2015 email from Jay Lucas to Steven Edelstein.

Defendant Jay Lucas hired the Plaintiff – the offer of employment from an email

from Defendant Lucas states:

> Hi - Steve -
>
> This letter is to confirm your employment as Chief Operating
> Officer of HYD for Men, a portfolio company of Lucas Brand
> Equity, LLC.  Your compensation is in the amount of $120,000
> per year, plus health care benefits and related items provided
> by the company.
>
> Please let me know if you have any additional questions.
>
> I can be reached at 617-448-5345.
>
> Jay S. Lucas, Managing Director
> Lucas Brand Equity, LLC

Ex. 1.  Plaintiff was hired as a Connecticut-based employee, working from his

home office in New Haven, Connecticut. Compl. at ¶11. Defendants Lucas Brand

and HYD USA participated in an integrated enterprise by which they jointly

employed Plaintiff.  *Id.* at ¶ 6.  This status as an employee of Defendant Lucas

Brand was re-iterated by Defendant Lucas Brand when it sent a verification of

Plaintiff's employment which stated:

> To Whom it May Concern:
>
> Steven J. Edelstein has been Chief Operating Officer for
> Lucas Brand Equity - HYD USA since September 1, 2015.
>
> His compensation is $120,000 per year, which is paid bi-
> monthly installments.  This position works an average of 40
> hours per work week.
>
> Sincerely,
> Michael Lanzaro
> Stellar Accounting Solutions
> Accountant for Lucas Brand Equity-HYD US

Ex. 2, Letter dated February 1, 2016 from Michael Lanzaro.   Defendants HYD

and LBE jointly handled payroll to Plaintiff via wire transfers. Ex. 3, Wire

Transfers between Defendants HYD & LBE and Plaintiff; 2/23/17 Prejudgment

Hearing Transcript at 106-109, attached as Ex. 4.  Further supporting that

Plaintiff was employed by Defendants LBE and HYD was that in 2015 his tax

documents substantiating his income for the year came from both Defendants

LBE and HYD. Ex. 5, Plaintiff's 2015 Tax Documents.

Defendant Jay Lucas not only hired Plaintiff, he also controlled Plaintiff's

work conditions and was responsible for payroll practice violations. Compl. at ¶ 8.

When he was hired, Plaintiff was led to believe that he would be employed

as a direct employee.  *Id.* at ¶ 14.  Shortly after commencing his employment,

however, Plaintiff learned that, instead of properly classifying and paying him as

a W-2 employee, Defendants improperly classified and have paid Plaintiff as an

independent contractor and have improperly reported his earnings on an IRS

Form 1099.  *Id.*  As a direct consequence of this improper classification, Plaintiff

has suffered damages, including the requirement to pay "self-employment" taxes.

Id. Moreover between mid-May 2016 and September, 2016, when Plaintiff filed

his First Amended Complaint, Defendants failed to pay Plaintiff any

compensation. *Id.* at ¶ 16.

Plaintiff was informed that his employment with Defendants had been

terminated via an email from Defendants' counsel to Plaintiff's counsel. Ex. 6,

Email from Lawrence Peikes to William Madsen (September 12, 2016 5:43 PM).

III.     **STANDARD OF REVIEW**

The standard of review for motions under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the sections upon which Defendants rely in this case, is well established.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.  In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings. A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

In adjudicating a motion to dismiss pursuant to Rule 12(b)(6), the Court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally."  *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001)(citation omitted).  Indeed, "when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).  The Court's analysis must include "not only the assertions made within the four corners of the complaint itself, but also those contained in documents attached to the pleadings or in documents incorporated by reference."

Furthermore, a plaintiff is not required to plead his *prima facie case,* which

is an evidentiary standard, not a pleading requirement.  *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510-11 (2002)(emphasis added).

## IV.  DEFENDANTS HYD USA, LBE, AND JAY LUCAS ARE PLAINTIFF'S JOINT EMPLOYER

The facts as alleged – which must be taken as true in the context of the instant motion - establish that Defendants HYD USA, Lucas Brand and Jay Lucas were joint employers of the Plaintiff.  See *Kull v. Davidoff of Geneva (N.Y.), Inc.*, 2004 WL 1418088 at *7 (S.D.N.Y. 2004) (at the Motion to Dismiss stage, "whether the entities can be joined as a single employer is a question of fact.").  Not only did Defendants Lucas Brand and Jay Lucas hire the Plaintiff, define the scope of Plaintiff's authority, assign him duties and responsibilities, he was informed that he was terminated by Defendants' attorney. Ex. 1-6.

Under the joint employer analysis, two claimed independent entities may be considered one employer. "A conclusion that employers are joint assumes that they are separate legal entities, but that they handle certain aspect of their employer-employee relationships jointly." *Arculeo v. On-Site Sales and Marketing, LLC*, 425 F.3d 193, 198 (2d Cir.2005) (*citing Clinton's Ditch Coop. Co. v. NLRB*, 778 F.2d 132, 137 (2d Cir.1985)).

"A plaintiff may prove that two distinct business entities are joint employers by showing that both companies "(1) did the hiring and firing; (2) directly administered any disciplinary procedures; (3) maintained records of hours, handled the payroll, or provided insurance; (4) directly supervised the employees; or (5) participated in the collective bargaining process." *Lenoble v. Best Temps, Inc.*, 352 F. Supp. 2d 237, 246 (D. Conn. 2005).

5

A review of the facts of the case clearly establish that Defendants were Plaintiff's joint employer – Defendants jointly hired, paid, supervised, and fired Plaintiff. As discussed earlier, Defendants Jay Lucas and LBE did the hiring of Plaintiff and Defendant HYD terminated Plaintiff's employment.  *See* Ex. 1, 6; Compl. ¶ 10.

Defendants HYD and LBE handled payroll to Plaintiff – as both wire transfers to Plaintiff's account from Defendants LBE and HYD as well as Plaintiff's testimony in the prejudgment hearing substantiate.  *See* Ex. 3, 4. Furthermore, Defendant LBE participated in supervising Plaintiff – at the prejudgment hearing, Plaintiff testified that he had to get approval for financial decisions regarding HYD from LBE employees

> Q What about in financial matters? Did you have to get approval or authority from any members of Lucas Brand Equity in order to carry out your job duties and responsibilities as chief operating officer for HYD USA?
>
> A Yes, I did.

2/23/17 Prejudgment Hearing Transcript at 25:13-25:17, attached as Ex. 4.

Defendant Jay Lucas is an appropriate party to this litigation and thus Plaintiff has standing to bring a claim against him.  As explained by the Connecticut Supreme Court in *Butler v. Hart. Tech. Institute, Inc.*, 243 Conn. 454, 462 (1997), "the term employer as used in § 31-72 encompasses an individual who possesses the ultimate authority and control within a corporate employer to set the hours of employment and pay wages and therefore is the specific or exclusive cause of improperly failing to do so.".  *See also Morales v. Gourmet*

*Heaven Inc.,* 3:14-cv-01333(VLB), 2016 WL 6996976, * 6 (D.Conn.2016)

(adopting *Butler* test for assessing individual liability under CMWA).

  In light of all the evidence at this early stage of the case, before any depositions have taken place, in support of Defendants LBE, HYD and Jay Lucas jointly employing Plaintiff, this Court should not accept Defendants' false assertion that Plaintiff was not their employee.   Plaintiff has pled sufficient facts, with supporting evidence, to confirm that Defendants LBE, HYD and Jay Lucas were Plaintiff's joint employer.  As such, Defendants' Motion to Dismiss the complaint must be denied.

## V. **CONCLUSION**

  For the foregoing reasons, the Plaintiff hereby respectfully requests that the Court deny the Defendants' Motion to Dismiss.

      PLAINTIFF,
      STEVEN EDELSTEIN


     By:  */s/ Claire M. Howard*
      Claire M. Howard, Esq. (ct29654)
      Madsen, Prestley & Parenteau, LLC
      402 Asylum Street
      Hartford, CT 06103
      Tel. (860) 246-2466   Fax. (860) 246-1794
      choward@mppjustice.com
      Attorneys for the Plaintiff

## CERTIFICATION OF SERVICE

I hereby certify that on this 5th day of May, 2017, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

_____*/s/ Claire M. Howard*_____
Claire M. Howard