## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **STEVEN J. EDELSTEIN,** | : | **CIVIL ACTION NO.:** |
| **Plaintiff,** | : | |
| | : | **3:16-cv-01353 (WWE)** |
| **v.** | : | |
| | : | |
| **LUCAS BRAND EQUITY, LLC, ET AL.,** | : | |
| **Defendants.** | : | **JULY 11, 2017** |

## MOTION TO COMPEL

I.  **Introduction**

Plaintiff, Steven Edelstein, hereby moves, pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37, to compel production of discovery, and submits this Memorandum of Law in support of his Motion to Compel Defendants Jay Lucas ("Lucas"), Lucas Brand Equity, LLC ("LBE") and HYD USA, LLC ("Hyd", and together with Lucas and LBE, "Defendants") to fully and completely respond to Plaintiff's First Set of Interrogatories and Request for Production of Documents ("discovery requests").

Due to the Defendants' obstruction in conducting discovery, the parties have been unable to narrow their discovery disputes - Defendants have obstructed and refused to comply with their discovery obligations in several key areas.  First and most disturbing, Defendants Lucas and LBE have refused to respond at all to Plaintiff's Request for Production, citing a Motion to Stay which Defendants had not filed at the

time of their refusal. [1]

Although Defendant's Motion to Stay and Motion to Dismiss were denied, given Defendants' Lucas and LBE prior record of refusing to respond to discovery requests, it is unlikely that any substantive responses will be forthcoming.  Defendant Hyd waited to provide objections and responses to Plaintiff's Request for Production until five months after they were due and Defendants Lucas and LBE have never objected to Plaintiff's discovery requests.  Not only are Defendants' delay and obstruction in violation of the thirty (30) days to respond required under the Federal Rules of Civil Procedure, but all three Defendants have waived any possible objections to Plaintiff's document requests and should be ordered to fully respond to each of Plaintiff's document requests.

Second, there are serious deficiencies with the adequacy of Defendant Hyd's responses to Plaintiff's Request for Production Nos. 14, 17, & 19-25 that require resolution by this Court.  Third, Defendant Hyd's responses to Plaintiff's Request for Production fail to comport with Rule 34(b)(2)(C) of the Federal Rule of Civil Procedure which requires that, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection."  Fourth, despite several requests, Defendants Lucas, LBE, and Hyd have failed to provide a verification page, signed by Defendants under oath, certifying the accuracy of their responses to Plaintiff's Interrogatories as required under Federal Rules of Civil Procedure, Rule 33(b)(5). Fifth, Defendants Lucas, LBE, and Hyd provided unresponsive and incomplete answers to Interrogatories Nos. 2, 3, 4-7, 9, & 10.

---

[1] Defendants Lucas and LBE refused to provide responses to Plaintiff's Request for Production on April 20, 2017 and filed a Motion to Stay on April 26, 2017.  *See* Exhibit 1, Defendant Hyd's Responses and Objections to Plaintiff's Request for Production; Defendants' Motion to Stay [Doc. 51].

Defendants' obstructive tactics in conducting discovery have prejudiced Plaintiff's ability to obtain information that is discoverable.  Therefore, this Court should order Defendants to fully respond to Plaintiff's First Set of Interrogatories and Request for Production.

## II.   Events Giving Rise to Litigation

This is a failure to pay compensation, breach of contract and unjust enrichment case.  In his Complaint, Plaintiff sets forth six counts.  Count One asserts a claim of Failure to Pay Wages in Violation of the Connecticut Minimum Wage Act.  Count Two asserts a claim of breach of contract.  Count Three asserts a claim of a violation of the Fair Labor Standards Act ("FLSA") for failure to pay minimum wage.  Count Four asserts a claim of violation of the FLSA for failure to pay overtime compensation. Count Five seeks declaratory and injunctive relief of the parties' rights and duties under the parties' employment contract.  Count Six asserts a claim of wrongful termination. *See* Plaintiff's First Amended Complaint. ("Compl.")

## III.   Discovery Requests at Issue

On October 24, 2016, Plaintiff served his First Set of Interrogatories and Request for Production ("discovery requests") upon Defendants. *See* Exhibit 2, Plaintiff's First Set of Interrogatories and Requests for Production.   As Defendants never asked the Court for an extension to respond, Defendants' objections and responses to Plaintiff's discovery requests were due on November 23, 2016.  Defendants Lucas, LBE and Hyd provided objections and responses to Plaintiff's Interrogatories on January 25, 2017 but failed to include a signed verification page or any responses or objections to Plaintiff's

request for production.  Exhibit 3, Defendants' Objections and Responses to Plaintiff's First Set of Interrogatories.

On January 26, 2017, Attorney Magdalena Witkor contacted Defendants' counsel to inquire when a verification page and responses to Plaintiff's Request for Production would be furnished.  Defendants failed to provide the requested items.  Exhibit 4, Email from Magdalena B. Witkor to Brian Lehman (January 26, 2017 4:02 EST).  On March 26, 2017 the undersigned also contacted Defendants' counsel again to inquire when Defendants would provide a verification page and responses to the request for production.  Exhibit 5, Email from Claire M. Howard to Brian Lehman (March 27, 2017 5:01 EST).

On April 20, 2017, Defendant Hyd, but not Defendants Lucas and LBE, provided its objections and responses to Plaintiff's first set of requests for production. *See* Exhibit 1.  Even though its responses were served **nearly five months after the expiration of Defendant's deadline to serve objections and responses**, Hyd's responses included an explicit refusal for Defendants Lucas and LBE to provide any objections or responses, citing the pending Motion to Dismiss.

The undersigned contacted Defendants' counsel on April 21, 2017 with a good faith letter itemizing the deficiencies which remained in Defendants' discovery responses.  Exhibit 6, Letter from Claire M. Howard to Brian Lehman.  The undersigned and Defense counsel conferred on April 25, 2017 regarding the letter when Defendants' counsel asserted that conferring had concluded and he planned to contact Magistrate Judge Margolis for resolution of Defendants' discovery deficiencies.

Plaintiff's attorneys have made a good faith effort to discuss Defendants' refusal to provide responses to Plaintiff's Request for Production, their objections to specific discovery request, Defendants' lack of a verification page and failure to ensure that their responses comported with the Federal Rules.  Ex. 7, Affidavit of Claire M. Howard. Despite good faith efforts, the parties have failed to reach an agreement regarding Plaintiff's discovery requests.

**IV.    <u>Standard for Review</u>**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case … Information within this scope of discovery need not be admissible in evidence to be discoverable" Fed. R. Civ. P. 26(b)(1).

"Under the amended Rule, relevance is still to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." *Henry v. Morgan's Hotel Grp., Inc.,* No. 15-CV-1789 (ER)(JLC), 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016) (internal citations removed).  "[T]he definition of relevance in the universe of discovery is broader than that in evidence. . . With this in mind, courts have taken the position that relevance, in the realm of discovery, ought to be broadly and liberally construed." *Breon v. Coca-Cola Bottling Co. of New England*, 232 F.R.D. 49, 52 (D. Conn. 2005).  "[W]here relevance is in doubt, the district court should be permissive." *Am. Fed'n of Musicians of the United States & Canada v. Sony Music Entm't, Inc.*, No. 15CV05249GBDBCM, 2016 WL 3031029, at *3 (S.D.N.Y. May 2, 2016).

The burden of addressing proportionality is placed on the party opposing discovery. *Henry v. Morgan's Hotel Grp., Inc.,* No. 15-CV-1789 (ER)(JLC), 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016). Furthermore, "the party resisting discovery bears the burden of showing why discovery should be denied." *Bertrand v. Yale Univ.*, No. 3:15 CV 1128 (WWE), 2016 WL 2743489, at *2 (D. Conn. May 11, 2016).

## V.   General Boilerplate Objections Are Insufficient as a Matter of Law

Defendants have asserted a number of boilerplate objections without any support for the objections. It is well settled that general, boilerplate objections are insufficient as a matter of law and may be overruled on that basis alone. *Major v. Allstate*, 2010 wl 3447860, *1 (Conn. Super. 2010); *Kimbro v. I.C. System, Inc.*, No. 3:01 CV 1676, 2002 WL 1816820, at *1 (D. Conn. July 22, 2002) ("the mere statement by a party that discovery is 'irrelevant and immaterial' is not enough to discharge this burden"); *Boutvis v. Risk Management Alternatives, Inc.*, No. 3:01 CV 1933, 2002 WL 971666, at *1 (D. Conn. May 3, 2002) (same); *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 592-93 (W.D.N.Y. 1996) ("these objections were not sufficiently specific to allow the court to ascertain the claimed objectionable character of the Discovery Request, further, this type of general objection is not proper. As one federal judge from the District Court for the District of Connecticut explained:

> To assert a proper objection on this basis, however, one must do more than 'simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad.' Instead, the objecting party must 'show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.' The objecting party may not leave it to the court to sift each interrogatory to determine the usefulness of the answer sought.' To the contrary, the claims in the complaint defines the liberal guidelines for determining the

6

relevance of the discovery requests, and *the burden is on the party resisting discovery to clarify and explain its objections and to provide support for those objections.*

*Ahern v. Trans Union LLC Zale Corp.*, No. 3:01 CV 02313, 2002 WL 32114492, at *3

(D. Conn. Oct. 23, 2002).

All of the objections made by Defendants in response to Plaintiff's Interrogatories and Requests for Production lack specificity.  As boilerplate objections completely devoid of specificity are improper, Defendants' objections should be overruled on that basis alone.

## VI.   <u>Discovery Requests at Issue</u>

As discussed earlier, there are several deficiencies in Defendants' responses to Plaintiff's First Set of discovery requests.  First, Defendants Lucas and LBE have refused to respond to Plaintiff's Request for Production, citing a Motion to Stay which was not filed at the time of their refusal, and which has now been denied by this Court. Second, there are significant deficiencies in Defendant Hyd's responses to Plaintiff's Request for Production.  Third, Defendant Hyd's responses fail to comport with Rule 34(B)(2)(C) which requires objections to state whether responsive materials are being withheld.

 Additionally, despite several requests, Defendants have failed to provide a signed verification page to their Interrogatory responses.  Lastly, Defendants provided unresponsive and incomplete answers to Interrogatories Nos. 2, 3, 4-7, 9, & 10.  These numerous issues with Defendants' responses to Plaintiff's discovery requests require the Court's intervention and given the Defendants' obstruction and delay tactics, the

Court should order all Defendants to fully respond to Plaintiff's First Set of discovery requests.

### a. <u>Defendants Lucas and LBE Refuse to Respond to Plaintiff's Request for Production</u>

When Defendant Hyd finally provided responses to Plaintiff's Request for Production, on April 20, 2017, **<u>six months</u>** after the responses were due, it began with a General Objection which stated

> Defendants Lucas Brand Equity, LLC and Jay Lucas object to Plaintiff's Requests for Documents as the Court lacks subject matter jurisdiction over them and have moved for the court to dismiss the claims against them (CM/ECF No. 49). If and when the Court denies this motion and holds that it has subject matter jurisdiction over them and thus Plaintiff's counsel has the authority to issue a discovery request under the power of the Court, Defendant Lucas Brand Equity, LLC and Jay Lucas will respond to this document request.

Exhibit 1.  Aside from Defendants flagrant violation of this Court's Order on Pretrial Deadlines and established law, s*ee* F.R.C.P. 33(b)(2) and 34(b)(2)(A), by the time Defendants provided this response they were months past the deadline to provide responses and objections to Plaintiff's discovery requests.  As Defendants failed to ask for an extension on their discovery responses, their responses and objections to Plaintiff's discovery requests were to be provided by November 23, 2016.

Defendants' failure to produce objections within the thirty days required by the Federal Rules and Local Rules waived their right to raise any objections to Plaintiff's discovery requests.  *See* F.R.C.P. 33(b)(1)(4) and 34(b)(2)(C). *See also Kimbro v. I.C. Sys., Inc.*, No. 3:01 CV 1676 (DJS), 2002 WL 1816820, at *1 (D. Conn. July 22, 2002) ("a party which fails to object to a discovery request waives any objections it otherwise

might have made"); *Smith v. United States*, 193 F.2d 201, 207 n. 19 (D.Del.2000) (failure to object results in waiver of objection).

Rule 33 of the Federal Rules of Civil Procedure establishes the deadline by which a party must either answer or object to a request for production. Rule 34(b) requires that "[t]he party upon whom the request [for production] is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A) (emphasis added).

The Second Circuit has recognized that if a party does not object within the time allowed under the Federal Rules of Civil Procedure, it is "obligated to produce them without any court order." *Penthouse Int'l Ltd. v. Playboy Enter., Inc.*, 663 F.2d 371, 390 (2d Cir. 1981). In *Penthouse*, the Second Circuit explained that:

> The functioning of the federal discovery rules depends upon each party's fulfilling this duty unless it asserts a non-frivolous objection or moves for a protective order under Rule 26(c). Otherwise, the courts would be flooded by unnecessary, burdensome, rule 37(a) motions for orders to produce. In such a system, designed to operate insofar as possible without judicial intervention, it is crucial, of course, that the initial request be answered and such objections as the party may have be set forth. If it were necessary to seek a court order requiring a response, followed by a response setting up objections, followed by a second motion to resolve the objections and order discovery, the possibility for delay and abuse would be apparent. Rule 37(d) has an absolute duty to respond, that is, . . . serve answers or objections to interrogatories served upon him, or serve a response to requests for discovery under Rule 34, as the case may be, and that the court in which the action is pending may enforce this duty by imposing sanctions for its violation.

*Id.* Thus, in order to maintain an efficient system of discovery, when a party fails to object to a discovery request within the prescribed deadline, any potential objections are deemed to be waived, even those based on privilege. *See Ahern v. Trans Union*

*LLC Zale Corp.*, No. 3:01 CV 02313, 2002 WL 32114492 at *2 (D. Conn. Oct. 23, 2002) (Ruling that Defendant's failure to object to Interrogatory is a waiver of any objections); *Scott v. Arex*, 124 F.R.D. 39, 41-42 (D. Conn. 1989) (Court ruled that, "[t]here has been no request for an extension  of time in this case, nor is there any reason for departing from the general rules regarding waiver. Accordingly, the defendant Miller is ordered to comply with plaintiff's third discovery request forthwith.").

By their failure to timely object, Defendants have waived their right to raise any objections to Plaintiff's Requests for Production.  As Defendants Lucas and LBE have completely refused to object to Plaintiff's discovery requests and Defendant Hyd failed to object to any of Plaintiff's discovery requests until April 21, 2017, which was nearly five months after objections were due, all of Defendants' objections to Plaintiff's requests have been waived.  Accordingly, this Court should issue an Order compelling Defendants to produce all documents requested in Plaintiff's Requests for Production and certify to the court that no documents have been withheld on the grounds of privilege.

**b.**   **Defendant Hyd's Responses to the Request for Production Contain Numerous Deficiencies**

Defendant Hyd was the only one out of the three Defendants to provide any response and objections to Plaintiff's First Set of discovery requests.  However, there were numerous deficiencies with Defendant Hyd's responses, specifically Nos. 14, 24, & 25, and 17 & 19-23.

*a. Request for Production Nos. 14, 24, 25*

Request for Production Nos. 14, 24 & 25 ask for the following

- RFP No. 14: Please produce all documents reflecting benefits provided to

     Plaintiff at any time during his relationship with Defendants, including but not
     limited to summary plan descriptions for health, dental, vision, retirement, 401k,
     profit sharing, employee stock option, and other similar plans and programs.
- RFP No. 24: Please produce all time records for the Plaintiff.
- RFP No. 25: Please produce all records of payments made to the Plaintiff,
  including but not limited to all payroll records, copies of pay stubs, W-2s, 1099s,
  and/or other forms of payment made to Plaintiff.

Exhibit 2.

     Defendant Hyd objected to Nos. 14, 24 & 25 with boiler plate objections on the

basis of proportionality. As discussed above, such generic boiler plate objections,

without any elaboration on how the request is not proportional, is inappropriate and

should be overruled by this Court. *See Benjamin v. Oxford Health Ins., Inc.*, No.

3:16CV00408(AWT), 2017 WL 772328, at *4 (D. Conn. Feb. 28, 2017) ("Pat, generic,

non-specific objections, intoning the same boilerplate language, are inconsistent with

both the letter and the spirit of the Federal Rules of Civil Procedure. An objection to a

document request must clearly set forth the specifics of the objection and how that

objection relates to the documents being demanded.").

     All three requests are highly relevant to Plaintiff's failure to pay claims - in a

FLSA/CMWA case Plaintiff has a right to conduct discovery as to compensation,

including benefits.  As Plaintiff began working for Defendants on September 1, 2015,

this request is narrowly restricted in time to less than two years.  *See generally Matysiak*

*v. Spectrum Services Co., Inc.*, No. 3:10-cv-1841(CSH), 2014 WL 3819206, (Granted

discovery for five years into FLSA and overtime claims).

     Defendant Hyd has had ample time to locate Plaintiff's time records.  As Plaintiff

has a right to conduct discovery into Defendants' failure to pay wages claims, including

Defendants' time records, this Court must compel Defendant Hyd to furnish these items and fully respond to Plaintiff's First Set of Discovery Requests, Request for Production.

### b. Request for Production No. 17 & 19-23

Request for Production Nos. 17 & 19-23 request the following:

- RFP No. 17: Please produce a copy of all versions of Defendants' handbook or other personnel policies that would have applied to Plaintiff at any time during his relationship with Defendants.
- RFP No. 19: Please produce all documents containing or referring to job duties established for or performed by the Plaintiff.
- RFP No. 20: Produce all documents which concern, reflect, or relate to Plaintiff's job performance, or which purport to concern, reflect or relate to Plaintiff's job performance, including but not limited to, emails, performance reviews, verbal warnings, written warnings, and corrective plans.
- RFP No. 21: Please produce all e-mails, inter-office memos, and other communications between Defendants and/or their management and the Plaintiff which refer or relate to work being performed by the Plaintiff.
- RFP No. 22: Please produce all documents which you contend demonstrate that Defendants and its officers, directors, managers, or agents at all times acted in good faith and did not commit any willful violation of the FLSA in relation to the claims asserted in this lawsuit.
- RFP No. 23: Please produce all documents which you contend demonstrates that Defendants and its officers, directors, managers, or agents did not authorize or ratify any willful violation of the FLSA.

Exhibit 2.

All of these discovery requests are highly relevant to Plaintiff's failure to pay and breach of contract claims as Plaintiff has a right to conduct basic discovery into Defendants' employment policies, potential affirmative defenses, and Plaintiff's performance.  Nevertheless, Defendant Hyd objects to Nos. 19-23 in a global objection that Defendant Hyd does not have access to their email system and the request is not proportional to the needs of the case.  Exhibit 1.   While Defendant Hyd objects that "the request is not proportional to the needs of the case," it provides no other details about why the request is not proportional other than claiming lack of access to their email

system.  As discussed earlier, this generic non-specific global objection should be overruled.

This assertion that Defendant Hyd does not have access to its email system is belied by two facts.  First, Defendant Hyd has produced an email, wrongly used as last minute evidence in support of Defendants' opposition to Plaintiff's application for prejudment remedy, which comes from what they claim is Hyd's email account.  *See* Exhibit A to Doc 51-2.  Furthermore, on November 16, 2016, Counsel for the Plaintiff sent Defendants' Counsel detailed instructions on how to access Hyd's account, including any necessary passwords.  See Exhibit 8, Email from Magdalena B. Witkor to Brian Lehman – forwarding 11/16/2016 email to Lawrence Peikes.  As Defendant Hyd has had access to the Hyd account since November 16, 2016 and continues to refuse to provide any responsive emails, the Court should compel Defendant Hyd to respond in full to Request for Production Nos. 19-23.

### c. Defendant Hyd's Responses to Plaintiff's Request for Production Fail to Comply with 34(b)(2)(C)

Defendant Hyd's responses to Plaintiff's first set of discovery requests have failed to include any indication as to whether responsive materials were withheld on the basis of stated objections, which violates Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure.  Rule 34(b)(2)(C) of the Federal Rules requires that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection."  The 2015 Advisory Committee Notes indicate that the purpose of the new rule is to "end the confusion that frequently arises when the producing party states several objections and still produces information, leaving the requesting party uncertain

whether any relevant and responsive information has been withheld on the basis of the objection."

In both a letter and during a conference call the undersigned informed Defendants' counsel that courts within the Second Circuit have universally interpreted Rule 34(b)(2)(C) to require the party to explicitly state whether responsive materials are being withheld on the basis of the stated objections. *See Fischer v. Forrest*, No. 14CIV1304PAEAJP, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) (Court ordered Defendants to amend responses to comply with Rule 34(b)(2)(C); *Ramos v. Town of E. Hartford*, No. 3:16-CV-166 (VLB), 2016 WL 7340282, at *8 (D. Conn. Dec. 19, 2016) (same). Nevertheless, Defendants' counsel stated Defendant Hyd was unwilling to amend its responses to indicate whether responsive documents existed.

Therefore, Plaintiff requests that the Court compel Defendant Hyd to amend its responses to comply with Rule 34(b)(2)(C).

### d. **Defendants' Interrogatory Responses**

Defendants' responses to Plaintiff's Interrogatory requests are comprised of repetitive boiler plate responses meant to obstruct Plaintiff from conducting discovery on basic issues, such as the basis for Defendants' affirmative defenses. As discussed above, on that basis alone those responses should be overruled.

Interrogatory Nos. 2, 3, 9 & 10 ask Defendants about Plaintiff's compensation; Interrogatory Nos. 4-7 ask Defendants for information in support of their affirmative defenses; and Interrogatory No. 11 asks Defendant to provide a factual basis in support of their contention that Plaintiff did not meet the definition of an employee, which is one of Defendants' defenses.

Even though these Interrogatory requests are relevant to the claims and defenses in this case, Defendants have provided general and repetitive boiler plate objections.  Therefore, the Court should order the Defendants to fully respond to Plaintiff's First Set of discovery requests, Interrogatory Nos. 2, 3, 4-7, 9 & 10.

                *i.  Interrogatory Nos. 2, 3, 9 & 10*

Interrogatory Nos. 2, 3, 9 & 10 request the following information from the Defendants:

- **Interrogatory No. 2**: For each year in which Plaintiff was paid by any of the Defendants, identify all compensation, including wages, bonuses and all fringe benefits, including but not limited to, medical, dental, life, retirement, worker's compensation, social security and medicare benefits, unemployment insurance, pension and/or profit sharing plans offered to Plaintiff, and state the dollar value cost to Defendant(s) of Plaintiff's wages (including bonuses) and fringe benefits.
- **Interrogatory No. 3**: For each year in which Plaintiff was paid by any of the Defendant(s), identify the compensation arrangement that existed between Plaintiff and the Defendant(s) (including the rate of pay and the way in which the pay was calculated), and the dates of the existence of each such arrangement.
- **Interrogatory No. 9**: Please state fully and specifically the complete factual basis for the Seventh Defense set forth in your Answer dated October 11, 2016.
- **Interrogatory No. 10**: Please state fully and specifically the complete factual basis for Defendants contention that "plaintiff was never an employee of defendants" as described in Paragraph 34 of your Answer dated October 11, 2016.

Exhibit 2.

Defendants objected to Interrogatory Nos. 2 & 3 on the same grounds using the exact same language in both objections – that "the information may be obtained from other sources that are more convenient, less burdensome, and less expensive as Plaintiff is able to identify any year in which he received any compensation from any source." Ex. 3.

As Plaintiff claims Defendants failed to pay him compensation, in violation of the Fair Labor Standards Act ("FLSA") and Connecticut Minimum Wage Act ("CMWA"), he

has a right to conduct discovery as to his compensation.  *See generally Matysiak v. Spectrum Services Co., Inc.*, No. 3:10-cv-1841(CSH), 2014 WL 3819206, (Granted discovery for five years into FLSA and overtime claims).  Not allowing Plaintiff to conduct discovery on a core issue in this case will severely prejudice the Plaintiff.

Defendants also objected to Interrogatory Nos. 9 & 10 on the same grounds using the exact same language in both objections – that "Defendants did not have an employer-employee relationship with Defendant and, therefore, no relationship was terminated.  Defendants also state that they have not decided yet which additional facts, documents, law or other information it will rely upon in its defense. When Defendants have made such a decision, they will provide a response to the extent that such a production is not protected by attorney work product privilege." Ex. 3.

Defendants' boilerplate objections are, again, obstructive and non-specific. Defendants state that they did not have an employer-employee relationship with the Plaintiff, yet Interrogatory No. 9 only asks Defendants to identify the individuals who made the decision to terminate Plaintiff's relationship with Defendants.  As Plaintiff's counsel received an email from Defendants' counsel, terminating the employment relationship, Defendants' attempt to not respond is inappropriate.  *See* Ex. 6, Email from Lawrence Peikes to William Madsen (September 12, 2016 5:43 PM) to Plaintiff's Opposition to Defendants' Motion to Dismiss [Doc. 55].  In the six months that have passed since Plaintiff propounded his discovery requests, Defendants have not supplemented their Interrogatory responses as their response indicates may occur.

Nonetheless this request is relevant to Plaintiff's FLSA and CMWA claims as he has a right to conduct discovery regarding the terms and conditions of his employment,

including his termination.  Therefore, this Court should compel Defendants to fully

respond to Interrogatory Nos. 2, 3, 9 & 10.

> *ii.  Interrogatory Nos. 4-9*

 Interrogatory Nos. 4-9 request the following information from the Defendants:

- Interrogatory No. 4: Please state fully and specifically the complete factual basis for the Second Defense set forth in your Answer dated October 11, 2016.
- Interrogatory No. 5: Please state fully and specifically the complete factual basis for the Third Defense set forth in your Answer dated October 11, 2016.
- Interrogatory No. 6: Please state fully and specifically the complete factual basis for the Fourth Defense set forth in your Answer dated October 11, 2016.
- Interrogatory No. 7: Please state fully and specifically the complete factual basis for the Fifth Defense set forth in your Answer dated October 11, 2016.
- Interrogatory No. 8: Please state fully and specifically the complete factual basis for the Sixth Defense set forth in your Answer dated October 11, 2016.
- Interrogatory No. 9: Please state fully and specifically the complete factual basis for the Seventh Defense set forth in your Answer dated October 11, 2016.

Exhibit 2.

Defendants objected to Interrogatory Nos. 4 & 5 on the same grounds with the exact

same language in both objections, that "Defendants object to this Interrogatory as

requiring attorney work product." Ex. 3.

Interrogatory No. 4, which asks about the factual basis for Defendants' second

defense, is highly relevant.  Defendants' second defense contained in their Answer is

that, "[i]f plaintiff was an employee of defendants, or any of them, and defendants

expressly deny such was the case, he was exempt from the minimum wage and

overtime pay requirements under the Fair Labor Standards Act and the Connecticut

Minimum Wage Act." Defendants' Answer [Doc. 16].  Defendants' third defense is that

"[i]f defendants, or any of them, violated the Fair Labor Standards Act and/or the

Connecticut Minimum Wage Act, and defendants expressly deny such was the case,

the underlying act or omission giving rise to a violation was in good faith and based on

reasonable grounds for believing the act or omission did not violate federal or state wage and hour laws." Defendants' Answer [Doc. 16].

Defendants' affirmative defense number two expressly argues that Plaintiff was exempt from any pay requirements.  Plaintiff has a right to conduct discovery into any information and documents Defendants have in support of their classification defense.

Interrogatory No. 5, which asks Defendants about the factual basis for their third affirmative defense is similarly relevant.  Defendants' affirmative defense number three is a good faith defense that requires Plaintiff to conduct discovery into this defense.  "To establish good faith, the employer must take active steps to ascertain the dictates of the FLSA and then act to comply with them." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999).  If Plaintiff is unable to conduct discovery on the active steps that Defendants have taken and actions undertaken to comply with the FLSA he will be prejudiced in his ability to rebut Defendants' affirmative defense.

Defendants failed to provide objections to Interrogatory Nos. 5, 7 & 8.  Instead, Defendants provided an unresponsive answer that, "Defendants state that they have not yet decided which additional facts, documents, law or other information it will rely upon in its defense.  When Defendants have made such a decision, they will provide a response to the extent that such a production is not protected by attorney work product privilege."  Ex. 3, Defendant's Objections and Responses to Plaintiff's First Set of Interrogatories.  This unresponsive answer is the precise answer, word for word, that Defendants provide in response to Interrogatory Nos. 4-13.

Interrogatory No. 5 asks about the factual basis for Defendants' third defense, No. 7 asks about the factual basis for Defendants' fifth defense, and No. 8 asks

Defendants about the factual basis for Defendants' Sixth Defense.  This nonresponsive answer violates Rule 33(b)(3) which requires parties to answer Interrogatories not objected to "separately and fully in writing under oath."  As Defendants failed to object to Interrogatory Nos. 5 and 7, they should be compelled by this Court to meet their obligations under Rule 33(b)(3).

 Defendants objected to Interrogatory No. 6 on the grounds that "this information may be obtained from other sources that are more convenient, less burdensome, and less expensive." Exhibit 3.  This objection is nonsensical as Defendants assert as their fifth affirmative defense that "[p]laintiff materially breached the terms of any employment contract he may have entered into with defendants or any of them."  *See* Doc. 16. As Defendants will be asserting that Plaintiff, not Defendants, breached the terms of the employment contract, then Plaintiff needs to conduct discovery into this affirmative defense.

Therefore, this Court should Compel Defendants Jay Lucas, Lucas Brand Equity and Hyd to fully respond to Interrogatory Nos. 4-9.

iii.   *Interrogatory* No. 13

Interrogatory No. 13 asks Defendants, "If you contend that Plaintiff did not meet the definition of "employee" under the Connecticut Minimum Wage Act and/or the Fair Labor Standards Act, describe state fully and specifically the complete factual basis for that contention."  Defendants fail to object and instead provide a similarly nonresponsive answer that "Defendants did not have an employer-employee relationship with Plaintiff and, therefore, could not meet the definition of an employee."

This nonresponsive answer also violates Rule 33(b)(3) which requires parties to answer Interrogatories not objected to "separately and fully in writing under oath."  As Defendants failed to object to this Interrogatory, they should be compelled by this Court to meet their obligations under Rule 33(b)(3) and fully respond to Interrogatory No. 13.

### e.   Defendants Jay Lucas, Lucas Brand Equity, and Hyd Refuse to Provide an Interrogatory Verification Page

In addition to the deficiencies in Defendants' Interrogatory responses discussed above, Defendants have refused to provide an Interrogatory Verification page.  Rule 33(b)(5) provides that, "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections."  Plaintiff's discovery requests, Interrogatory No. 1 asks Defendants to, "Please identify all persons who answered these Interrogatories and Production Requests or who provided information or responses used in responding to each of these interrogatories." Exhibit 2.  Defendants respond, without objection, "Jay Lucas, Lucas Brand Equity, 880 Third Avenue, 18th Floor, New York, NY 10022."  Exhibit 3.

Pursuant to Rule 33(b)(5) this response identifies Defendant Lucas as the individual who must sign the verification page.  *See* F.R.C.P. 33(b)(5); Exhibit 3. Defendants' refusal to submit a signed verification page despite having nearly five months to do so, is a flagrant violation of discovery rules.  *See Chowdhury v. Hamza Exp. Food Corp.*, 308 F.R.D. 74, 79 (E.D.N.Y. 2015) (Ruled Defendants failure to sign the interrogatory responses was a violation of Rule 33(b)(5) and ordered the Defendants to comply with the Federal Rules).

Since January 26, 2017, Plaintiff has repeatedly asked Defendants to provide a verification page with Defendants refusing to do so.  Defendants' delay in abiding by

basic discovery obligations has prejudiced the Plaintiff as he begins to conduct depositions.  Therefore, this Court should issue an Order compelling Defendants J to produce a signed verification page along with amended Interrogatory responses.

**VII.**     **Conclusion**

Based on the foregoing, Plaintiff respectfully requests the Court to overrule Defendants' objections and order Defendants to provide a full and complete response to Plaintiff's First Set of Requests for Production of Documents within 30 days of the decision of this motion.

PLAINTIFF,
STEVEN EDELSTEIN


By:_____*/s/ Claire M. Howard*_____
Claire M. Howard, Esq. (ct29654)
Madsen, Prestley & Parenteau, LLC
402 Asylum Street
Hartford, CT 06103
Tel. (860) 246-2466   Fax. (860) 246-1794
choward@mppjustice.com
Attorneys for the Plaintiff

**CERTIFICATION OF SERVICE**

I hereby certify that on this 11th day of July, 2017, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing].  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].   Parties may access this filing through the Court's system.

_____*/s/ Claire M. Howard*_____
Claire M. Howard
