July 17, 2017

Honorable Joan G. Margolis
United States Magistrate Judge
for the District of Connecticut
Richard C. Lee United States Court House
141 Church Street
New Haven, Connecticut 06510

      Re:    Discovery Telephone Conference in *Edelstein v. Lucas Brand Equity,*
           *LLC et al.*, 16 Civ. 01353

Judge Margolis:

     I am counsel for defendants in the above matter.  I write because matters have become acrimonious with opposing counsel.[1]  I request that the Court issue an order requiring Plaintiff's counsel to (1) return phone calls in a reasonably timely manner, and (2) conduct the initial conversations on disputed discovery matters on the telephone in good faith.

     *First*, Plaintiff's counsel has repeatedly refused to return emails, phone calls and even faxes in which I ask them to call me back.  *See* Exhibit A (attached).

     *Second*, Mr. Madsen abruptly – and without good reason — canceled the deposition of the sole individual defendant in this case, Jay Lucas.  After repeated phone calls and emails with the firm's paralegal, Patricia Tharpe, Mr. Madsen signed and noticed a deposition of Mr. Lucas for Tuesday, June 6, 2017.  Less than three business days before the deposition, Mr. Madsen emailed me that, unless I turned over disputed documents, he was canceling the deposition.  Mr. Madsen wrote:

> Brian—we have basically no documents from you and, as you know, we have filed a motion to compel. Unless you want to voluntarily turn over the documents, it does not make sense to proceed with Mr. Lucas's deposition because I have no interest in taking his deposition twice.
>
> Please let me know whether you will produce the requested documents.
>
> Thanks, Will

Exhibit B (attached).

---

[1] *See* Pretrial Preferences of Hon. Joan G. Margolis ("Magistrate Judge Margolis often tries to resolve discovery problems by telephone conference") available at http://www.ctd.uscourts.gov/content/joan-g-margolis; *see also id.* ("When matters become acrimonious, Magistrate Judge Margolis issues an order requesting that the parties contact her as soon as possible and send her letters (not to exceed three pages) summarizing the discovery issues in dispute. She then tries to resolve the matters by telephone conference.")

Mr. Madsen's reasoning for canceling the deposition must be pretext because it does not withstand the lightest of scrutiny. Mr. Madsen's office had previously noticed the deposition on January 13, 2017, for a scheduled deposition of Mr. Lucas three weeks later on February 7, 2017. However, at that point in time, Plaintiff's counsel had no documents nor could they have expected any documents prior to February 7, 2017.

But if having documents prior to the deposition was so critical to deposing Jay Lucas – so critical that the deposition had to be canceled – that raises the question of why did Plaintiff's counsel notice that deposition on January 13, 2017?

Ms. Wiktor then took a hardline stance on the location of the deposition in which she refused to even talk about compromise. On January 23, 2017, I wrote to Ms. Wiktor in part: "I noted that you put the deposition in Hartford. I talked with Mr. Lucas about it, and he can't make it there. It's too burdensome. We will gladly arrange for a place here in New York or we arrange for a video deposition so that you could stay in Hartford if that is more convenient for you." Ms. Wiktor responded to this:

> As for the deposition location, we intend to proceed in Hartford as noticed. This litigation is pending in the District of Connecticut and Mr Lucas, as a party to the litigation, is required to appear in person for a duly noticed deposition within the District of Connecticut. Furthermore, the expense and inconvenience of conducting the deposition outside of the district or by remote means merely for the personal convenience of Mr. Lucas would be prejudicial to Mr. Edelstein. If you do not feel as though Mr. Lucas is obligated to appear for his deposition as noticed, you are free to file a motion with the Court.

Exhibit C.

Because Ms. Wiktor refused to talk (and, indeed, stated "you are free to file a motion with the Court"), I filed a motion to quash, which this Court resolved on May 1, 2017 (CM/ECF No. 53). If Mr. Madsen's reasoning was accurate (*i.e.*, documents were needed for the deposition), then Plaintiff's counsel completely wasted defense counsel's and the Court's time by opposing a motion to quash that February 7, 2017, deposition since it could not have taken place without documents. Moreover, it is a bit farfetched to think that if I had capitulated to Mr. Madsen's demand that Mr. Madsen really believes we could have reviewed and turned over tens of thousands of documents in less than a day or that Mr. Madsen could have properly reviewed them over the weekend (the deposition was scheduled on a Tuesday and Mr. Madsen canceled on Thursday morning).

The Court noted at the end of its recent opinion: "Counsel would do well in the future not to burden the Court with discovery matters that trained professionals acting reasonably ought to be able to resolve between themselves." (CM/ECF No. 53). Although I firmly believe that I had try to resolve scheduling the deposition without the motion to quash, and even later offered to have it in New Haven (rather than Hartford) as a compromise, I understood that the Court was concerned that both parties were being insensitive to the Court's workload and limited judicial

resources.

For this reason, I repeatedly tried to call Mr. Madsen to schedule the deposition immediately after reading the Court's opinion.  Indeed, I elected not to raise any objections pursuant to 28 U.S.C. § 636 on the ground that Plaintiff lacked standing because that would burden the Court again.  When Mr. Madsen did not return my calls, I took the unusual step of faxing his office and emailing him the fax (to which he still did not respond in any fashion). *See* Exhibit A.  Moreover, Mr. Lucas rearranged his traveling schedule and meetings with clients at my insistence. – only to have the deposition canceled with short notice for a specious reason.

*Third*, and finally, Plaintiff's counsel, Claire Howard, has recently taken the position that she will not schedule a phone call with me to discuss her recent responses to my document requests.  Her stated position is that:

> I sincerely want to make sure we have a meet and confer, however makes sense for me to know what issues we will be covering in the meet and confer.  That is why I provided you with a letter discussing the deficiencies before we talked on the phone.  I do not expect a detailed letter, I would simply like to know what specific issues are of concern to the Defendants in our discovery responses.

Exhibit D (attached).  My position is that in the phone call I will detail the perceived deficiencies in the response and if she needs some time to think through her response then I will gladly schedule another phone call.  If the first phone call only lasts five minutes while she hears me out, and then we talk in a few days, I would be completely fine with it.  Finally, if we were to find that such phone calls are a waste of time, I agree that in the future I will write a letter as suggested by Ms. Howard.  But I sincerely believe that a good faith effort at an initial phone call might do wonders to help resolve matter.

For all these reasons, I believe there is a pattern-and-practice of taking stances that needlessly add frustration and burdens to defense counsel and result in the filing of motions that could be avoided with a good faith conversation.  I request that the Court issue an order requiring Plaintiff's counsel to (1) return phone calls in a reasonably timely manner, and (2) conduct the initial conversations on disputed discovery matters on the telephone in good faith.

Sincerely,

*Brian Lehman*

Brian Lehman

cc:  Counsel for Plaintiff