July 20, 2017

Honorable Joan G. Margolis
United States Magistrate Judge
for the District of Connecticut
Richard C. Lee United States Court House
141 Church Street
New Haven, Connecticut 06510

   **Re:** **Motion to Compel Recording of Phone Calls in** *Edelstein v. Lucas Brand Equity, LLC et al.***, 16 Civ. 01353**

Judge Margolis:

I write to request that the Court order counsel for plaintiff and defendants to record our phone calls with each other. For some time now, my phone calls with the attorneys representing Plaintiff firm have been remarkably frustrating and entirely unproductive. From my perception (and admittedly my perception only), I am treated in ways that are aggressive, rude, and condescending.

For example, this morning I returned a phone call to William Madsen. In the process I told him that I was going to file this motion because of the conduct of his associates and began to say that, having said that, Mr. Madsen and I were both reasonable people and if he could hear me out we could probably avoid such a motion. What I had hoped for is that Mr. Madsen would list to me and that we could hit the reset button.

Before I could even get a second sentence out, Mr. Madsen aggressively interrupted me. I repeatedly asked him to please let me finish my sentences before he replied, but he simply refused. He just continued to talk over me until I ended the conversation by handing up.

This was, by the way, incredibly similar to the way I was treated the last two times I have had discussions with Claire Howard, the associate representing Plaintiff. My perception of being treated poorly is why I called the Court after each conversation. I do not lightly take using the court's time, but the situation had turned remarkably acrimonious (and the Individual Rules to inform you when such a situation arises)

I am well aware that we are not the first opposing counsel to have, to put it mildly, difficulty. I will also concede that I am not interested in finding out who is really at fault here. I have no doubt that opposing counsel could present a side of their argument that puts me in a bad light, and I am more than willing to bear responsibility for this situation. If Mr. Madsen believes that I am at fault, then I sincerely apologize and request that the parties reset and give each other the benefit of the doubt moving forward.

I am, however, very concerned about what this entire situation means for the litigation and court moving forward. We are in the middle of discovery. Several depositions must be

1

scheduled and we are required by the Federal Rules to have good faith conversations prior to filing motions to compel.  In the alternative, we could precede confine ourselves to written communication, which has the added benefit of being capable of review by the Court at a later date.  Indeed, this is currently my preference.  This, however, does not seem in-line with what the Federal Rules require.

My alternative suggestion is that we simply record the phone calls, which I now assume Mr. Madsen has declined to do voluntarily given his reaction early today.   Once all attorneys know that the Court could later review the tone and manner in which we speak to each other, I believe all lawyers will scrupulously.  In other words, the act of recording the phone calls will almost assuredly solve the problem of which I am complaining.  It is also why many attorneys prefer email:  it creates a record of what was said.  In the event that the Court declines to grant this motion, I request that the Court intervene and a phone conference be held.

In the alternative, I remain open to discussing matters privately with Mr. Madsen so long as I am allowed to finish my sentences and not overridden.  If such a conversation happens, I preemptively offer to him and the Court any apologies requested and will otherwise reset my expectations of both myself and opposing counsel in a manner that reflects the virtues of being an officer of the court.

Sincerely,

*Brian Lehman*

Brian Lehman
*Counsel for Defendants*