UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Steven J. Edelstein | : | |
| | : | |
| Plaintiff, | : | 16 Civ. 01353 (WWE) |
| | : | |
| v. | : | |
| | : | |
| Lucas Brand Equity, LLC, HYD USA, LLC, Jay Lucas, Karen Ballou and Lucas Band Equity, LP, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM BY DEFENDANTS LUCAS
BRAND EQUITY, LLC, HYD USA, LLC, AND JAY LUCAS,
IN OPPOSITION TO REPRESENTATIONS MADE IN
PLAINTIFF'S MOTION FOR AN EXTENSION OF DISCOVERY**

Defendants HYD USA, LLC ("Hyd"), Lucas Brand Equity, LLC and Jay Lucas submit this opposition to Plaintiff Steven Edelstein's Motion for Extension of Time for Deadline to Complete Discovery and Deadline to File Dispositive Motions (Doc. 79). Defendants oppose Plaintiff's motion on the ground that the purported "consent" from Defendants was based on materially different representations by Plaintiff's counsel.

## I.   BACKGROUND

Less than two weeks ago, on July 11, 2017, this Court denied two of the Defendants' motion to dismiss for lack of subject matter jurisdiction (Doc. 74). *Within a few hours* of the Court's decision on July 11, 2017, Plaintiff renewed a motion to compel (Doc. 75). Plaintiff did not attempt to meet and confer with Defendants even though the Court had stated that the "motion to compel may be refiled *if defendants do not comply after resolution of the motion to dismiss*." Doc. 68 (emphasis added).

A few hours later, at 5:53 p.m. on July 11, 2017, Counsel for Plaintiff wrote in an email: "Given our re-filing of our Motion to Compel, which prevents us from conducting any depositions, we plan on filing a motion for the court to modify the scheduling order . . . ." Exhibit A (attached). Based on this statement by Ms. Howard, on July 12, 2017, counsel for the Defendants consented to discovery ending on January 15, 2018 (and dispositive motions being filed three months later).

On July 17, 2017, Counsel for Plaintiff filed the "consent" motion (Doc. 79).

## II.  DEFENDANT GAVE "CONSENT" BASED ON A MATERIALLY DIFFERENT STATEMENT FROM PLAINTIFF

From Defendants' perspective, Plaintiff's motion mischaracterizes the record and prior proceedings and, in addition, fails to follow the form of the typical motion on consent. *See, e.g.*,

1

Doc. 11 (previous consent motion for extension); Exhibit B (motion for extension recently filed in case in which Plaintiff's counsel gave consent).

On July 11, 2017, Plaintiff's counsel, Claire Howard, wrote to Defendants' counsel: "Given our re-filing of our Motion to Compel, which prevents us from conducting any depositions, we plan on filing a motion for the court to modify the scheduling order" and then asked whether Defendants consented to the selected dates. Exhibit A (attached).  The reason for Ms. Howard's request is clear:  Plaintiff was seeking an extension because Plaintiff had elected to renew its motion to compel.

In contrast, Plaintiff's motion contains unnecessary argument backed by false statements in an attempt to cast Defendants in a bad light.  For example, Plaintiff's counsel writes that one reason for the extension is "Defendants Lucas Brand Equity, LLC, and Jay Lucas have failed to fully respond to or produce any documents in response to Plaintiff's  First Set of Interrogatories and Requests for Production ('Discovery Requests;) which have been  outstanding for over 8 months." Doc. 79 at 1.

These Defendants did not "fail" to respond to the discovery requests. Instead, these Defendants filed a motion to dismiss for lack of subject matter jurisdiction once Plaintiff's sworn testimony at the prejudgment hearing made it clear (from Defendants' perceptive) that Plaintiff could not trace any harm to them.  For this reason, this Court denied the previous motion to compel with the statement:  "The motion to compel may be refiled *if defendants do not comply after resolution of the motion to dismiss*." Doc. 68 (emphasis added)

Likewise, Plaintiff's counsel erroneously states in its motion:  "The Motion to Dismiss was denied on July 7, 2017 (Doc. 74) and Defendants Jay Lucas and Lucas Brand Equity, LLC have failed to address any of the numerous deficiencies in their responses to Plaintiff's

Discovery Requests, necessitating that Plaintiff re-filed his Motion to Compel (Doc. 77), currently pending before this Court." Doc. 77 at 2.  The obvious (and incorrect) implication is that Plaintiff's counsel patiently waited four days until filing its motion to compel.

In fact, the Court entered its order denying the motion to dismiss on July 11, 2017 (there is no docket entry on July 7, 2017, for any event).  Plaintiff renewed its motion to compel *within a few hours*.  It is impossible for Defendants to have "failed" to address the supposed deficiencies. Moreover, Plaintiffs never attempted to meet and confer with Defense counsel (much less in good faith) in violation of the Federal Rules of Civil Procedure and, arguably, the Court's previous order. *See* Doc. 68 ("The motion to compel may be re-filed *if defendants do not comply after resolution of the motion to dismiss*.") (emphasis added).

Seeking consent from Defendants, and then using the "consent" motion to attack Defendants, particularly with demonstrably false statements, should not be countenanced. Such conduct threatens to turn every motion that could be amicably consented to into an adversarial event. After all, why would Defendants consent to any motion if Plaintiff can then use that "consent" motion as an opportunity to misrepresent the record and needlessly attack Defendants?

### III. CONCLUSION

Defendants object to the representations made by Plaintiff in the "consent" motion. Should Plaintiff wish to characterize the record in a particular manner prior to filing a future motion, it is Defendants' position that Plaintiff should state their reasons in the request for consent.  If Defendants disagree, Plaintiff is free to file to file the motion but simply not mark it as a "consent" motion.

Finally, it is worth noting that two new defendants had been recently added but not yet served with the controlling complaint (Doc. 83).  Because an amended complaint supersedes the

previous complaint, the Corrected Third Amended Complaint is now the controlling complaint in this case.  *See* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1476 (2d ed. 1990 & 2009 Supp.) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . .").

The two new Defendants – Karen Ballou and Lucas Brand Equity, LP (the private equity fund) – have not been served this complaint. In fact, a summons for the most recent complaint has not been requested or issued.[1]  Defendants Hyd, Lucas Brand Equity, LLC and Jay Lucas submit that it may be more efficient to wait until the two new defendants are served, submit responsive papers and engage in conference as required by Fed. R. Civ. P. 26(f) instead of engaging in piecemeal scheduling.

Dated: July 23, 2017

/s/ *Brian Lehman*
Brian Lehman
Lehman LG LLC
244 5th Avenue,
Suite B258
New York, NY 10001
brian@lehmanlawgroup.com

*Counsel for HYD USA, LLC,
Lucas Brand Equity, LLC and Jay Lucas*

---

[1] Defendants' counsel has repeatedly offered to give these defendants a letter with a waiver of service form from Plaintiff but Plaintiff's counsel has thus far declined the offers.  The offer remains open.

4

**CERTIFICATION OF SERVICE**

      I hereby certify that on July 23, 2017, I electronically filed the foregoing with the Clerk of the Court for the District of Connecticut by using the CM/ECF (Case Management/Electronic Case Files), the case management and electronic court filing system for the Court. I certify that all participants in the case are registered users and that service will be accomplished by the CM/ECF system.

/s/ *Brian Lehman*
Brian Lehman
