**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **STEVEN J. EDELSTEIN,** | : | **CIVIL ACTION NO.:** |
| **Plaintiff,** | : | |
| | : | **3:16-cv-01353 (WWE)** |
| **v.** | : | |
| | : | |
| **LUCAS BRAND EQUITY, LLC, ET AL.,** | : | |
| **Defendants.** | : | **DECEMBER 15, 2017** |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL**

I.  **Introduction**

Plaintiff, Steven Edelstein, hereby moves, pursuant to Rule 37 of the Federal

Rules of Civil Procedure and Local Rule 37 of the District of Connecticut, to compel

Defendants Jay Lucas ("Lucas"), Lucas Brand Equity, LLC ("LBE"), HYD USA, LLC

("Hyd"), Karen Ballou, and Lucas Brand Equity, LP, to comply with their discovery

obligations.  Despite Plaintiff having filed motions to compel on two prior occasions

(Doc. Nos. 58, 77), each of them being denied by the Court without prejudice, (Doc.

Nos. 68, 89), Defendants remain flagrantly in violation of their basic discovery

obligations.  As of this point, one month before the discovery deadline,

- None of the Defendants have disclosed initial disclosures as required by
  Rule 26(a)(1) of the Federal Rules of Civil Procedure.

- Defendants Lucas and LBE have never provided any responses (or
  objections) to any of the requests for production that were served by
  Plaintiff more than a year ago, in October 2016.

- Defendant HYD USA served responses to Plaintiff's discovery requests
  five months after it had already waived its right to assert objections, and

it has failed to address any of the issues that Plaintiff identified in his previously filed motions to compel (Doc. Nos. 58, 77), which were denied by the Court without prejudice (Doc. Nos. 68, 89).

- Defendants have failed to provide a verification for their previous interrogatory answers.

The last time that the Court denied Plaintiff's motion to compel, without prejudice, it issued a clear warning: "Counsel are hereby forewarned that this Magistrate Judge has neither the time nor the patience to deal with needless discovery motions, and will not hesitate to impose sanctions upon counsel, when and if appropriate." (Doc. No. 89.) Despite that admonition from the Court, Defendants have not cured any of the deficiencies for which Plaintiff has been seeking a remedy.

Defendants have continued to exhibit a blatant disregard for their discovery obligations, despite the Court's clear warning several months ago. None of the Defendants has served their initial disclosures as required by Rule 26(a)(1); two of the Defendants – Jay Lucas and Lucas Brand Equity, LLC – never responded or objected to any of Plaintiff's requests for production; none of the Defendants ever provided a verification for their interrogatory answers as required by Rule 33; and Defendants have failed to address any of the deficiencies with the objections and responses that Plaintiff did receive from some of the defendants. Defendants' continued lack of compliance is flagrant and pervasive, and demonstrates clear indifference to the requirements imposed by the Federal Rules of Civil Procedure, and - - in light of the Court's clear warning - - the authority of this Court.

Defendants' obstructive tactics have prejudiced Plaintiff's ability to obtain discoverable information regarding the claims and defenses in this case, as well as caused significant delays and unnecessarily increased the cost of this litigation. Therefore, this Court should order Defendants to immediately comply with all of its discovery obligations, and impose appropriate sanctions against Defendants.

## II.   <u>Background</u>

Plaintiff advances claims under state and federal law regarding the failure by Defendants to pay wages in violation of state and federal wage and hour statutes, as well as claims for breach of contract, unjust enrichment, and wrongful termination.  In his Complaint, Plaintiff sets forth six counts.  Count One asserts a claim of Failure to Pay Wages in Violation of the Connecticut Minimum Wage Act.  Count Two asserts a claim of breach of contract.  Count Three asserts a claim of a violation of the Fair Labor Standards Act ("FLSA") for failure to pay minimum wage.  Count Four asserts a claim of violation of the FLSA for failure to pay overtime compensation. Count Five seeks declaratory and injunctive relief of the parties' rights and duties under the parties' employment contract.  Count Six asserts a claim of wrongful termination. *See* Plaintiff's Corrected Third Amended Complaint. ("Compl.")  (Doc. No. 83.)

As the Complaint details, Plaintiff was formerly employed by Defendants, but was not paid for the work he performed in violation of the law.  Then, when Plaintiff asserted his rights and complained, Defendants retaliated against him and terminated his employment.  After a PJR hearing, Magistrate Judge Margolis concluded that there was probable cause supporting several of Plaintiff's claims that were the subject of that

hearing, and she granted a PJR against the Defendants in the case at that time in the amount of $140,000.[1]  (Doc. No. 61.)

### III.   Discovery Requests at Issue

In addition to Defendants' failure to serve initial disclosures as required by Rule 26(a)(1), this motion involves the failure by Defendants Lucas, HYD, and LBE to comply with Plaintiff's First Set of Interrogatories and Request for Production ("discovery requests"), which were served more than a year ago, on October 24, 2016. (Plaintiff's First Set of Interrogatories and Requests for Production, Exhibit 2.).   As Defendants never asked the Court for an extension to respond, Defendants' objections and responses to Plaintiff's discovery requests were due on November 23, 2016.  *See* Fed. R. Civ. P. 33, 34 (mandating responses within 30 days of service).  On January 25, 2017, well after the deadline to object or respond had already passed, Defendants Lucas, LBE and Hyd provided objections and responses to Plaintiff's *Interrogatories only*, but failed to include a signed verification page or any responses or objections to Plaintiff's request for production.  (Defendants' Objections and Responses to Plaintiff's First Set of Interrogatories, Exhibit 3.)

On January 26, 2017, Attorney Magdalena Witkor contacted Defendants' counsel to inquire when a verification page and responses to Plaintiff's Request for Production would be furnished.  Defendants failed to provide the requested items.  (Email from Magdalena B. Witkor to Brian Lehman (January 26, 2017 4:02 EST), Exhibit 4.).  On March 26, 2017, Plaintiff's counsel also contacted Defendants' counsel again to inquire

---

[1] Since Defendants filed an objection to the Ruling by Magistrate Judge Margolis (Doc. No. 65), which remains pending, Defendants have yet to comply with the Ruling mandating a disclosure of assets and authorizing attachments.

when Defendants would provide a verification page and responses to the request for production.  (Email from Claire M. Howard to Brian Lehman (March 27, 2017 5:01 EST), Exhibit 5.)

On April 20, 2017, Defendant Hyd, but not Defendants Lucas and LBE, provided its objections and responses to Plaintiff's first set of requests for production. (*See* Exhibit 1.)  Even though its responses were served **nearly five months after the expiration of Defendant's deadline to serve objections and responses**, Hyd's responses included an explicit refusal for Defendants Lucas and LBE to provide any objections or responses, citing the pending Motion to Dismiss - - which was later denied by the Court (Doc. No. 74).

Plaintiff's counsel contacted Defendants' counsel on April 21, 2017 with a good faith letter itemizing the deficiencies which remained in Defendants' discovery responses.  (Letter from Claire M. Howard to Brian Lehman, Exhibit 6.)  Attorney Howard and Defense counsel conferred on April 25, 2017 regarding the letter when Defendants' counsel asserted that conferring had concluded and he planned to contact Magistrate Judge Margolis for resolution of Defendants' discovery deficiencies.

After the Court denied Defendant's motion to dismiss, (Doc. No. 74), Plaintiff re-filed his motion to compel, (Doc. No. 77).  However, the Court denied Plaintiff's motion to compel, without prejudice, and issued a clear warning to the parties and counsel. (Doc. No. 89.)  Since that time, Plaintiff's attorneys have continued to make good faith efforts to discuss Defendants' failure to comply with their discovery obligations, which continued after the appearance of new counsel for Defendants.  (Affidavit of Claire M. Howard, Exhibit 7; Declaration of Todd Steigman, Exhibit 10; Declaration of Claire

Howard, Exhibit 11.)   Despite good faith efforts, Defendants have continued to disregard their obligations under the Federal Rules of Civil Procedure.  Accordingly, it is necessary for Plaintiff to file a third motion to compel seeking the intervention of the Court.

## IV.      <u>Standard for Review on Motions to Compel</u>

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case … Information within this scope of discovery need not be admissible in evidence to be discoverable" Fed. R. Civ. P. 26(b)(1).

"Under the amended Rule, relevance is still to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." *Henry v. Morgan's Hotel Grp., Inc.,* No. 15-CV-1789 (ER)(JLC), 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016) (internal citations removed).  "[T]he definition of relevance in the universe of discovery is broader than that in evidence. . . With this in mind, courts have taken the position that relevance, in the realm of discovery, ought to be broadly and liberally construed."  *Breon v. Coca-Cola Bottling Co. of New England*, 232 F.R.D. 49, 52 (D. Conn. 2005).  "[W]here relevance is in doubt, the district court should be permissive." *Am. Fed'n of Musicians of the United States & Canada v. Sony Music Entm't, Inc.*, No. 15CV05249GBDBCM, 2016 WL 3031029, at *3 (S.D.N.Y. May 2, 2016).

The burden of addressing proportionality is placed on the party opposing discovery.  *Henry v. Morgan's Hotel Grp., Inc.,* No. 15-CV-1789 (ER)(JLC), 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016).  Furthermore, "the party resisting discovery

bears the burden of showing why discovery should be denied." *Bertrand v. Yale Univ.*, No. 3:15 CV 1128 (WWE), 2016 WL 2743489, at *2 (D. Conn. May 11, 2016).

## V.    Defendants' Failure to Serve Rule 26(a)(1) Initial Disclosures

Rule 26(a)(1) of the Federal Rules of Civil Procedure requires that each party, without waiting for a discovery request, disclose certain information to the other parties, including, but not limited to:  (i) the identity of witnesses who the party may use to supports its claims or defenses, along with the contact information and the subject matter of the information possessed by each person; (ii) documents and electronically stored information that the party may use to support its claims or defenses; (iii) a computation of damages claimed by the party; and (iv) any applicable insurance agreement.  Fed. R. Civ. P. 26(a)(1).

Rule 26 also mandates that these disclosures be made within 14 days after the parties Rule 26(f) conference, or by a date stipulated by the parties during the Rule 26(f) conference.  Fed. R. Civ. P. 26(a)(1)(C).  For additional parties who join the case after the Rule 26(f) conference had already been concluded, the deadline to make disclosures under Rule 26(a) is 30 days after being served or joined, unless a different deadline is agreed upon or ordered.  Fed. R. Civ. P. 26(a)(1)(D).

In the Rule 26(f) report filed by Plaintiff and Defendants Jay Lucas, Lucas Brand Equity, LLC, and HYD USA, LLC, those parties agreed that Rule 26(a) initial disclosures would be exchanged by November 30, 2016.  (Doc. No. 17, p. 9.)  More than a year has passed since that deadline, and Defendants Jay Lucas, Lucas Brandy Equity, LLC, and HYD USA, LLC have never served their initial disclosures as required by Rule 26.

By an Order of the court granting Plaintiff's motion to amend the complaint to add Karen Ballou as an additional defendant in the case, Karen Ballou was joined as a defendant on June 9, 2017.  (Doc. No. 62.)  By early July 2017, Defendant Ballou had been served (Doc. Nos. 72, 73).  On July 11, 2017, the Court granted Plaintiff's motion to amend the complaint to add Lucas Brand Equity, LP as a defendant, (Doc. No. 76), On August 23, 2017, and August 24, 2017, respectively, Defendants Karen Ballou and Lucas Brandy Equity, LP executed waiver of service of summons.  (Doc. Nos. 94, 95.) On August 28, 2017, counsel appeared on behalf of Defendant Ballou, (Doc. No. 91). On September 26, 2017, additional counsel appeared on behalf of all of the Defendants. (Doc. Nos. 96, 97.)  As of this date, neither Defendants Ballou nor Lucas Brand Equity, LP have produced any initial disclosures as required by Rule 26.  Since they were joined in the case and served months ago, Defendants Ballou and Lucas Brand Equity, LP have disregarded their obligations to serve initial disclosures within 30 days of being joined or served in the case.  *See* Fed. R. Civ. P. 26(a)(1)(D).

Plaintiff's counsel has made good faith efforts to obtain initial disclosures from Defendants without the Court's intervention.  In November 2017, Plaintiff's counsel sent e-mails to Defendants' counsel requesting that Defendants produce their initial disclosures as required by Rule 26.  (November 2017 e-mails, Exhibit 12.)  Thereafter, on November 29, 2017, Plaintiff's counsel spoke with Attorney Graham by telephone and explained that Plaintiff would need to file a motion to compel if Defendants did not comply with their discovery obligations in the near future.  (Declaration of Todd Steigman, Exhibit 10.)  Despite the clear mandate of Rule 26(a)(1), and the efforts by

Plaintiff's counsel to obtain compliance from Defendants, as of this date, none of the Defendants have served their initial disclosures as required by Rule 26(a)(1).

The deadline for completion of discovery is now January 15, 2018, approximately one month from the filing of this motion.  Plaintiff has been prejudiced as a result of Defendants' disregard of their discovery obligations.  Plaintiff requests that the Court order Defendants to immediately produce their initial disclosures as required by Rule 26(a)(1), and impose appropriate sanctions against Defendants.

**VI.**   **Defendants Should be Ordered to Fully Comply with Plaintiff's Discovery**

      A.   **Discovery Requests at Issue**

As discussed earlier, there are several deficiencies in Defendants' responses to Plaintiff's First Set of discovery requests.  First, Defendants Lucas and LBE have refused to respond at all to Plaintiff's Request for Production.  Second, there are significant deficiencies in Defendant Hyd's responses to Plaintiff's Request for Production.  Third, Defendant Hyd's responses fail to comport with Rule 34(B)(2)(C) which requires objections to state whether responsive materials are being withheld.

Additionally, despite several requests, Defendants have refused to cure the deficiencies concerning the responses to Plaintiff's interrogatories.  None of the Defendants have provided a verification for any of the interrogatory answers provided. Last, Defendants provided unresponsive and incomplete answers to Interrogatories Nos. 2, 3, 4-7, 9, & 10.  These numerous issues with Defendants' responses to Plaintiff's discovery requests require the Court's intervention, and given the Defendants' obstruction and delay tactics, the Court should order all Defendants to fully respond to Plaintiff's First Set of discovery requests and also impose appropriate sanctions.

1. **Defendants Lucas and LBE Refuse to Respond to Plaintiff's Request for Production**

Rules 33 and 34 of the Federal Rules of Civil Procedure require that parties respond to interrogatories and requests for production within 30 days, unless another deadline is stipulated or ordered by the Court.  Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).  Since Plaintiff served his interrogatories and requests for production on October 24, 2016, and there was no stipulation or order extended Defendants' deadline to respond, Defendant Jay Lucas, HYD USA, LLC, and Lucas Brand Equity, LLC, were all required to respond within 30 days, or by November 23, 2016.

However, more than a year has passed, and Defendants Lucas and LBE still have not responded at all to Plaintiff's requests for production.  Defendants Lucas and LBE should be ordered to fully respond to all of Plaintiff's requests for production of documents.[2]

2. **Defendants HYD, Lucas, and LBE also waived their objections to Plaintiff's Discovery Requests**

The Second Circuit has recognized that if a party does not object within the time allowed under the Federal Rules of Civil Procedure, it is "obligated to produce them

---

[2] On April 20, 2017, approximately five months after the responses were due, Defendants Lucas and LBE asserted a frivolous general objection to Plaintiff's discovery requests based on the fact that the Defendants had filed a motion to dismiss on April 14, 2017, six days prior, and approximately six months after Plaintiff served his discovery requests. (*See* Exhibit 1.)  This frivolous objection does not merit a detailed response, as all objections were clearly waived by that point.  *Berube v. Great Atl. & Pac. Tea Co.*, No. CIV 306CV197 PCD, 2006 WL 3826702 (D. Conn. Nov. 30, 2006), *adhered to on reconsideration*, No. CIV. 3:06CV197(PCD), 2007 WL 30863 (D. Conn. Jan. 4, 2007).  Moreover, the Court's pre-trial order makes clear that the filing of a motion to dismiss, by itself, does not relieve a party of its obligations to comply with discovery.  (Doc. No. 2, ¶ (c))("The filing of a motion to dismiss shall not result in the stay of discovery or extend the time for completing discovery.").

without any court order." *Penthouse Int'l Ltd. v. Playboy Enter., Inc.*, 663 F.2d 371, 390

(2d Cir. 1981).   In *Penthouse*, the Second Circuit explained that:

> The functioning of the federal discovery rules depends upon each party's fulfilling this duty unless it asserts a non-frivolous objection or moves for a protective order under Rule 26(c). Otherwise, the courts would be flooded by unnecessary, burdensome, rule 37(a) motions for orders to produce.   In such a system, designed to operate insofar as possible without judicial intervention, it is crucial, of course, that the initial request be answered and such objections as the party may have be set forth.   If it were necessary to seek a court order requiring a response, followed by a response setting up objections, followed by a second motion to resolve the objections and order discovery, the possibility for delay and abuse would be apparent.   Rule 37(d) has an absolute duty to respond, that is, . . . serve answers or objections to interrogatories served upon him, or serve a response to requests for discovery under Rule 34, as the case may be, and that the court in which the action is pending may enforce this duty by imposing sanctions for its violation.

*Id.*

Thus, in order to maintain an efficient system of discovery, when a party fails to

object to a discovery request within the prescribed deadline, any potential objections are

deemed to be waived, even those based on privilege.  *See Davis v. Fendler*, 650 F.2d

1154, 1160-61 (9th Cir. 1981); *Ahern v. Trans Union LLC Zale Corp.*, No. 3:01 CV

02313, 2002 WL 32114492 at **2-3 (D. Conn. Oct. 23, 2002); *Scott v. Arex*, 124 F.R.D.

39, 41-42 (D. Conn. 1989); *Kimbro v. I.C. System, Inc.*, No. 3:01 CV 1676, 2002 WL

1816820 at *1 (D. Conn. July 22, 2002); *Williams v. The Gillette Co.*, No. 3:02 CV 2213,

2004 WL 717173 at *2 (D. Conn. March 24, 2004); *Berube v. Great Atl. & Pac. Tea Co.*,

No. CIV 306CV197 PCD, 2006 WL 3826702 (D. Conn. Nov. 30, 2006), *adhered to on*

*reconsideration,* No. CIV. 3:06CV197(PCD), 2007 WL 30863 (D. Conn. Jan. 4, 2007*)*;

*Billups v. West*, No. 95 Civ. 1146, 1997 WL 100798 at **2-3 (S.D.N.Y. March 6, 1997);

*Chubb Integrated Systems, Ltd. v. National Bank*, 103 F.R.D. 52, 61-62 (D.D.C. 1984).

Defendants' failure to produce objections within the thirty days required by the

Federal Rules waived their right to raise any objections to Plaintiff's discovery requests.

*See* F.R.C.P. 33(b)(1)(4) and 34(b)(2)(C).

By their failure to timely object, Defendants have waived their right to raise any

objections to Plaintiff's Interrogatories and Requests for Production.  Defendants did not

respond to Plaintiff's Interrogatories until January 25, 2017, two months after the

deadline of November 23, 2016.  Defendant HYD did not object or respond to Plaintiff's

requests for production until April 20, 2017, approximately five months after the deadline

to object and respond had already expired.  Defendants Lucas and LBE have never

served objections or responses to Plaintiff's requests for production, despite the

passage of more than a year.   Accordingly, this Court should issue an Order compelling

Defendants to produce all of the information and documents requested in Plaintiff's

discovery requests and to certify to the court that no information or documents have

been withheld.

### 3. **General Boilerplate Objections Are Insufficient as a Matter of Law**

Defendants have asserted a number of boilerplate objections without any support

for the objections.  It is well settled that general, boilerplate objections are insufficient as

a matter of law and may be overruled on that basis alone.  *Major v. Allstate*, 2010 wl

3447860, *1 (Conn. Super. 2010); *Kimbro v. I.C. System, Inc.*, No. 3:01 CV 1676, 2002

WL 1816820, at *1 (D. Conn. July 22, 2002) ("the mere statement by a party that

discovery is 'irrelevant and immaterial' is not enough to discharge this burden"); *Boutvis*

*v. Risk Management Alternatives, Inc.*, No. 3:01 CV 1933, 2002 WL 971666, at *1 (D.

Conn. May 3, 2002) (same); *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D.

589, 592-93 (W.D.N.Y. 1996) ("these objections were not sufficiently specific to allow

the court to ascertain the claimed objectionable character of the Discovery Request,

further, this type of general objection is not proper.  As one federal judge from the

District Court for the District of Connecticut explained:

> To assert a proper objection on this basis, however, one must do more
> than 'simply intone [the] familiar litany that the interrogatories are
> burdensome, oppressive or overly broad.'  Instead, the objecting party
> must 'show specifically how, despite the broad and liberal construction
> afforded the federal discovery rules, each [request] is not relevant or how
> each question is overly broad, burdensome or oppressive by submitting
> affidavits or offering evidence revealing the nature of the burden.'  The
> objecting party may not leave it to the court to sift each interrogatory to
> determine the usefulness of the answer sought.'   To the contrary, the
> claims in the complaint defines the liberal guidelines for determining the
> relevance of the discovery requests, and *the burden is on the party
> resisting discovery to clarify and explain its objections and to provide
> support for those objections.*

*Ahern v. Trans Union LLC Zale Corp.*, No. 3:01 CV 02313, 2002 WL 32114492, at *3

(D. Conn. Oct. 23, 2002).

All of the objections made by Defendants in response to Plaintiff's Interrogatories

and Requests for Production lack specificity.  As boilerplate objections completely

devoid of specificity are improper, Defendants' objections should be overruled on that

basis alone.

### 4.  Defendant Hyd's Responses to the Request for Production Contain Numerous Deficiencies

Defendant Hyd was the only Defendant to provide any response and objections

to Plaintiff's requests for production.  However, there were numerous deficiencies with

Defendant Hyd's responses to those requests for production, specifically Nos. 14, 24, & 25, and 17 & 19-23.

### a. Request for Production Nos. 14, 24, 25

Request for Production Nos. 14, 24 & 25 ask for the following

- RFP No. 14: Please produce all documents reflecting benefits provided to Plaintiff at any time during his relationship with Defendants, including but not limited to summary plan descriptions for health, dental, vision, retirement, 401k, profit sharing, employee stock option, and other similar plans and programs.
- RFP No. 24: Please produce all time records for the Plaintiff.
- RFP No. 25: Please produce all records of payments made to the Plaintiff, including but not limited to all payroll records, copies of pay stubs, W-2s, 1099s, and/or other forms of payment made to Plaintiff.

(Exhibit 2.)

Defendant Hyd objected to Nos. 14, 24 & 25 with boiler plate objections on the basis of proportionality. As discussed above, such generic boiler plate objections, without any elaboration on how the request is not proportional, is inappropriate and should be overruled by this Court. *See Benjamin v. Oxford Health Ins., Inc.*, No. 3:16CV00408(AWT), 2017 WL 772328, at *4 (D. Conn. Feb. 28, 2017) ("Pat, generic, non-specific objections, intoning the same boilerplate language, are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure. An objection to a document request must clearly set forth the specifics of the objection and how that objection relates to the documents being demanded.").

All three requests are highly relevant to Plaintiff's failure to pay claims - in a FLSA/CMWA case Plaintiff has a right to conduct discovery as to compensation, including benefits.  As Plaintiff began working for Defendants on September 1, 2015, this request is narrowly restricted in time to less than two years.  *See generally Matysiak*

*v. Spectrum Services Co., Inc.*, No. 3:10-cv-1841(CSH), 2014 WL 3819206, (Granted

discovery for five years into FLSA and overtime claims).

Defendant Hyd has had ample time to locate Plaintiff's time records.  As Plaintiff

has a right to conduct discovery into Defendants' failure to pay wages claims, including

Defendants' time records, this Court must compel Defendants to furnish these items

and fully respond to Plaintiff's First Set of Discovery Requests, Request for Production.

### b.  Request for Production No. 17 & 19-23

Request for Production Nos. 17 & 19-23 request the following:

- RFP No. 17: Please produce a copy of all versions of Defendants' handbook or other personnel policies that would have applied to Plaintiff at any time during his relationship with Defendants.
- RFP No. 19: Please produce all documents containing or referring to job duties established for or performed by the Plaintiff.
- RFP No. 20: Produce all documents which concern, reflect, or relate to Plaintiff's job performance, or which purport to concern, reflect or relate to Plaintiff's job performance, including but not limited to, emails, performance reviews, verbal warnings, written warnings, and corrective plans.
- RFP No. 21: Please produce all e-mails, inter-office memos, and other communications between Defendants and/or their management and the Plaintiff which refer or relate to work being performed by the Plaintiff.
- RFP No. 22: Please produce all documents which you contend demonstrate that Defendants and its officers, directors, managers, or agents at all times acted in good faith and did not commit any willful violation of the FLSA in relation to the claims asserted in this lawsuit.
- RFP No. 23: Please produce all documents which you contend demonstrates that Defendants and its officers, directors, managers, or agents did not authorize or ratify any willful violation of the FLSA.

(Exhibit 2.)

All of these discovery requests are highly relevant to Plaintiff's failure to pay and

breach of contract claims as Plaintiff has a right to conduct basic discovery into

Defendants' employment policies, potential affirmative defenses, and Plaintiff's

performance.  Nevertheless, Defendant Hyd objects to Nos. 19-23 in a global objection

that Defendant Hyd does not have access to their email system and the request is not proportional to the needs of the case.  (Exhibit 1.)   While Defendant Hyd objects that "the request is not proportional to the needs of the case," it provides no other details about why the request is not proportional other than claiming lack of access to their email system.  As discussed earlier, this generic non-specific global objection should be overruled.

This assertion that Defendant Hyd does not have access to its email system is belied by two facts.  First, Defendant Hyd has produced an email, wrongly used as last minute evidence in support of Defendants' opposition to Plaintiff's application for prejudment remedy, which purportedly comes from what they claim is Hyd's email account.  *See* (Exhibit A to Doc 51-2.)  Furthermore, on November 16, 2016, Counsel for the Plaintiff sent Defendants' Counsel detailed instructions on how to access Hyd's account, including any necessary passwords.  (See Exhibit 8, Email from Magdalena B. Witkor to Brian Lehman – forwarding 11/16/2016 email to Lawrence Peikes.)  As Defendant Hyd has had access to the Hyd account since November 16, 2016 and continues to refuse to provide any responsive emails, the Court should compel Defendants to respond in full to Request for Production Nos. 19-23.

5. **Defendant Hyd's Responses to Plaintiff's Request for Production Fail to Comply with 34(b)(2)(C)**

Defendant Hyd's responses to Plaintiff's first set of discovery requests do not include any indication as to whether responsive materials were withheld on the basis of stated objections, which violates Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure.  Rule 34(b)(2)(C) of the Federal Rules requires that "[a]n objection must state whether any responsive materials are being withheld on the basis of that

objection." The 2015 Advisory Committee Notes indicate that the purpose of the new rule is to "end the confusion that frequently arises when the producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objection."

In both a letter and during a conference call, Plaintiff's counsel informed Defendants' counsel that courts within the Second Circuit have universally interpreted Rule 34(b)(2)(C) to require the party to explicitly state whether responsive materials are being withheld on the basis of the stated objections.  *See Fischer v. Forrest*, No. 14CIV1304PAEAJP, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) (Court ordered Defendants to amend responses to comply with Rule 34(b)(2)(C); *Ramos v. Town of E. Hartford*, No. 3:16-CV-166 (VLB), 2016 WL 7340282, at *8 (D. Conn. Dec. 19, 2016) (same).  Nevertheless, Defendants' counsel stated Defendant Hyd was unwilling to amend its responses to indicate whether responsive documents existed.

Therefore, Plaintiff requests that the Court compel Defendants to comply with Rule 34(b)(2)(C).

### 6. Defendants' Interrogatory Responses

Defendants' responses to Plaintiff's Interrogatory requests are comprised of repetitive boiler plate responses meant to obstruct Plaintiff from conducting discovery on basic issues, such as the basis for Defendants' affirmative defenses.  As discussed above, on that basis alone those responses should be overruled.

Interrogatory Nos. 2, 3, 9 & 10 ask Defendants about Plaintiff's compensation; Interrogatory Nos. 4-7 ask Defendants for information in support of their affirmative

defenses; and Interrogatory No. 11 asks Defendant to provide a factual basis in support of their contention that Plaintiff did not meet the definition of an employee, which is one of Defendants' defenses.

Even though these Interrogatory requests are relevant to the claims and defenses in this case, Defendants have provided general and repetitive boiler plate objections. Therefore, the Court should order the Defendants to fully respond to Plaintiff's First Set of discovery requests, Interrogatory Nos. 2, 3, 4-7, 9 & 10.

> *a. Interrogatory Nos. 2, 3, 9 & 10*

Interrogatory Nos. 2, 3, 9 & 10 request the following information from the Defendants:

- **Interrogatory No. 2**: For each year in which Plaintiff was paid by any of the Defendants, identify all compensation, including wages, bonuses and all fringe benefits, including but not limited to, medical, dental, life, retirement, worker's compensation, social security and medicare benefits, unemployment insurance, pension and/or profit sharing plans offered to Plaintiff, and state the dollar value cost to Defendant(s) of Plaintiff's wages (including bonuses) and fringe benefits.
- **Interrogatory No. 3**: For each year in which Plaintiff was paid by any of the Defendant(s), identify the compensation arrangement that existed between Plaintiff and the Defendant(s) (including the rate of pay and the way in which the pay was calculated), and the dates of the existence of each such arrangement.
- **Interrogatory No. 9**: Please state fully and specifically the complete factual basis for the Seventh Defense set forth in your Answer dated October 11, 2016.
- **Interrogatory No. 10**: Please state fully and specifically the complete factual basis for Defendants contention that "plaintiff was never an employee of defendants" as described in Paragraph 34 of your Answer dated October 11, 2016.

(Exhibit 2.)

Defendants objected to Interrogatory Nos. 2 & 3 on the same grounds using the exact same language in both objections – that "the information may be obtained from other sources that are more convenient, less burdensome, and less expensive as

Plaintiff is able to identify any year in which he received any compensation from any source."  (Ex. 3.)

As Plaintiff claims Defendants failed to pay him compensation, in violation of the Fair Labor Standards Act ("FLSA") and Connecticut Minimum Wage Act ("CMWA"), and in breach of his contract, he has a right to conduct discovery as to his compensation. *See generally Matysiak v. Spectrum Services Co., Inc.*, No. 3:10-cv-1841(CSH), 2014 WL 3819206, (Granted discovery for five years into FLSA and overtime claims).  Not allowing Plaintiff to conduct discovery on a core issue in this case will severely prejudice the Plaintiff.

Defendants also objected to Interrogatory Nos. 9 & 10 on the same grounds using the exact same language in both objections – that "Defendants did not have an employer-employee relationship with Defendant and, therefore, no relationship was terminated.  Defendants also state that they have not decided yet which additional facts, documents, law or other information it will rely upon in its defense. When Defendants have made such a decision, they will provide a response to the extent that such a production is not protected by attorney work product privilege."  (Ex. 3.)

Defendants' boilerplate objections are, again, obstructive and non-specific. Defendants state that they did not have an employer-employee relationship with the Plaintiff, yet Interrogatory No. 9 only asks Defendants to identify the individuals who made the decision to terminate Plaintiff's relationship with Defendants.  As Plaintiff's counsel received an email from Defendants' counsel, terminating the employment relationship, Defendants' attempt to not respond is inappropriate.  (*See* Ex. 6, Email

from Lawrence Peikes to William Madsen (September 12, 2016 5:43 PM) to Plaintiff's

Opposition to Defendants' Motion to Dismiss [Doc. 55].)

This request is relevant to Plaintiff's FLSA and CMWA claims, and his breach of

contract claim, as he has a right to conduct discovery regarding the terms and

conditions of his employment, including his termination.  Therefore, this Court should

compel Defendants to fully respond to Interrogatory Nos. 2, 3, 9 & 10.

### c.  Interrogatory Nos. 4-9

Interrogatory Nos. 4-9 request the following information from the Defendants:

- Interrogatory No. 4: Please state fully and specifically the complete factual basis for the Second Defense set forth in your Answer dated October 11, 2016.
- Interrogatory No. 5: Please state fully and specifically the complete factual basis for the Third Defense set forth in your Answer dated October 11, 2016.
- Interrogatory No. 6: Please state fully and specifically the complete factual basis for the Fourth Defense set forth in your Answer dated October 11, 2016.
- Interrogatory No. 7: Please state fully and specifically the complete factual basis for the Fifth Defense set forth in your Answer dated October 11, 2016.
- Interrogatory No. 8: Please state fully and specifically the complete factual basis for the Sixth Defense set forth in your Answer dated October 11, 2016.
- Interrogatory No. 9: Please state fully and specifically the complete factual basis for the Seventh Defense set forth in your Answer dated October 11, 2016.

Exhibit 2.

Defendants objected to Interrogatory Nos. 4 & 5 on the same grounds with the

exact same language in both objections, that "Defendants object to this Interrogatory as

requiring attorney work product."  (Ex. 3.)

Interrogatory No. 4, which asks about the factual basis for Defendants' second

defense, is highly relevant.  Defendants' second defense contained in their Answer is

that, "[i]f plaintiff was an employee of defendants, or any of them, and defendants

expressly deny such was the case, he was exempt from the minimum wage and

overtime pay requirements under the Fair Labor Standards Act and the Connecticut

Minimum Wage Act." (Defendants' Answer [Doc. 16].) Defendants' third defense is that "[i]f defendants, or any of them, violated the Fair Labor Standards Act and/or the Connecticut Minimum Wage Act, and defendants expressly deny such was the case, the underlying act or omission giving rise to a violation was in good faith and based on reasonable grounds for believing the act or omission did not violate federal or state wage and hour laws." (Defendants' Answer [Doc. 16].)

Defendants' affirmative defense number two expressly argues that Plaintiff was exempt from any pay requirements. Plaintiff has a right to conduct discovery into any information and documents Defendants have in support of their classification defense.

Interrogatory No. 5, which asks Defendants about the factual basis for their third affirmative defense is similarly relevant. Defendants' affirmative defense number three is a good faith defense that requires Plaintiff to conduct discovery into this defense. "To establish good faith, the employer must take active steps to ascertain the dictates of the FLSA and then act to comply with them." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999). If Plaintiff is unable to conduct discovery on the active steps that Defendants have taken and actions undertaken to comply with the FLSA he will be prejudiced in his ability to rebut Defendants' affirmative defense.

Defendants failed to provide objections to Interrogatory Nos. 5, 7 & 8. Instead, Defendants provided an unresponsive answer that, "Defendants state that they have not yet decided which additional facts, documents, law or other information it will rely upon in its defense. When Defendants have made such a decision, they will provide a response to the extent that such a production is not protected by attorney work product privilege." (Ex. 3, Defendant's Objections and Responses to Plaintiff's First Set of

Interrogatories.)  This unresponsive answer is the precise answer, word for word, that Defendants provide in response to Interrogatory Nos. 4-13.

Interrogatory No. 5 asks about the factual basis for Defendants' third defense, No. 7 asks about the factual basis for Defendants' fifth defense, and No. 8 asks Defendants about the factual basis for Defendants' Sixth Defense.  This nonresponsive answer violates Rule 33(b)(3) which requires parties to answer Interrogatories not objected to "separately and fully in writing under oath."  As Defendants failed to object to Interrogatory Nos. 5 and 7, they should be compelled by this Court to meet their obligations under Rule 33(b)(3).

 Defendants objected to Interrogatory No. 6 on the grounds that "this information may be obtained from other sources that are more convenient, less burdensome, and less expensive."  (Exhibit 3.)  This objection is nonsensical as Defendants assert as their fifth affirmative defense that "[p]laintiff materially breached the terms of any employment contract he may have entered into with defendants or any of them."  *See* Doc. 16. As Defendants will be asserting that Plaintiff, not Defendants, breached the terms of the employment contract, then Plaintiff needs to conduct discovery into this affirmative defense.

Therefore, this Court should Compel Defendants Jay Lucas, Lucas Brand Equity and Hyd to fully respond to Interrogatory Nos. 4-9.

d.  <em>Interrogatory</em> No. 13

Interrogatory No. 13 asks Defendants, "If you contend that Plaintiff did not meet the definition of "employee" under the Connecticut Minimum Wage Act and/or the Fair Labor Standards Act, describe state fully and specifically the complete factual basis for

that contention."  Defendants fail to object and instead provide a similarly nonresponsive answer that "Defendants did not have an employer-employee relationship with Plaintiff and, therefore, could not meet the definition of an employee."

This nonresponsive answer also violates Rule 33(b)(3) which requires parties to answer Interrogatories not objected to "separately and fully in writing under oath."  As Defendants failed to object to this Interrogatory, they should be compelled by this Court to meet their obligations under Rule 33(b)(3) and fully respond to Interrogatory No. 13.

### 7.  <u>Defendants Jay Lucas, Lucas Brand Equity, and Hyd Refuse to Provide an Interrogatory Verification Page</u>

In addition to the deficiencies in Defendants' Interrogatory responses discussed above, Defendants have refused to provide an Interrogatory Verification page.  Rule 33(b)(5) provides that, "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections."  Plaintiff's discovery requests, Interrogatory No. 1 asks Defendants to, "Please identify all persons who answered these Interrogatories and Production Requests or who provided information or responses used in responding to each of these interrogatories."  (Exhibit 2.)  In response, Defendants identified Jay Lucas.  (Exhibit 3.)

Pursuant to Rule 33(b)(5) this response identifies Defendant Lucas as the individual who must sign the verification page.  *See* F.R.C.P. 33(b)(5); Exhibit 3. Defendants' refusal to submit a signed verification page despite having more than a year to do so, is a flagrant violation of discovery rules.  *See Chowdhury v. Hamza Exp. Food Corp.*, 308 F.R.D. 74, 79 (E.D.N.Y. 2015) (Ruled Defendants failure to sign the interrogatory responses was a violation of Rule 33(b)(5) and ordered the Defendants to comply with the Federal Rules).

Since January 26, 2017, Plaintiff has repeatedly asked Defendants to provide a verification page with Defendants refusing to do so.  Defendants' delay in abiding by basic discovery obligations has prejudiced the Plaintiff.  Therefore, this Court should issue an Order compelling Defendants Jay Lucas, Lucas Brand Equity, LLC, and HYD USA, LLC, to produce a signed verification page along with amended Interrogatory responses.

## VII.    Defendants Should be Sanctioned

The Court should impose sanctions against Defendants for their flagrant and indefensible violations of the Federal Rules of Civil Procedure, and their pervasive and persistent disregard for their discovery obligations.  For Defendants to have persisted in their refusal to comply after the Court's Order warning that it would not hesitate to impose sanctions, when and if appropriate, is shocking.  After the Court last denied Plaintiff's motion to compel, without prejudice, and issued that admonition, Plaintiff's counsel made a number of efforts to obtain compliance from Defendants, both from Defendants' predecessor counsel and Defendants' current counsel.  However, Defendants failed to voluntarily fulfill their obligations, and Plaintiff was left with no alternative other than to seek the Court's assistance once again through this motion to compel.  Since Defendants' conduct failed to comply with the Federal Rules of Civil Procedure, reflected indifference to the admonition by the Court, caused continuing delays and prejudice to Plaintiff, and unnecessarily increased the cost of this litigation by requiring Plaintiff's counsel to spend time filing this motion, as well as required the Court to expend time adjudicating this motion, Plaintiff is moving for the Court to impose sanctions against Defendants.

1.      Rule 37(a)(5)

Rule 37(a)(5) of the Federal Rules of Civil Procedure provides that if a party's motion to compel is granted, or if disclosure is made after the filing of a motion was filed, "the court **must**, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees . . . ."  Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

Therefore, Plaintiff should be awarded attorney's fees and costs under this provision if the Court grants his motion to compel.  *See Szatanek v. McDonnell Douglas Corp.*, 109 F.R.D. 37, 41 (W.D.N.Y. 1985).

2.      Rule 37(c)

Rule 37(c) of the Federal Rules of Civil Procedure provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c).  In addition or instead of that penalty, the Rule empowers the Court to impose additional sanctions, including the payment of the reasonable expenses, including attorney's fees, caused by the failure, informing the jury of the party's failure, or other appropriate sanctions.  Fed. R. Civ. P. 37(c).

The Court should impose sanctions, including attorney's fees, and any other sanctions that the Court deems proper and appropriate.

3.      Rule 37(d)

Rule 37(d) of the Federal Rules of Civil Procedure also gives the Court authority to impose sanctions if a party "after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.  Fed. R. Civ. P. 37(d)(1)(A).  The Rule further explains that the available sanctions include any of those identified in Rule 37(b)(2)(A)(i)-(vi), but that "instead of or in addition to these sanctions, the court **must require** the party failing to act, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the failure was substantially justified or that other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(d)(3) (emphasis added).

As Defendants have clearly failed to respond and/or object to Plaintiff's requests within the 30 day mandatory time period established by the Federal Rules of Civil Procedure, and unreasonably delayed Plaintiff's efforts to obtain discovery, Rule 37(d) requires that Defendants pay Plaintiff the costs incurred in filing this Motion.  *See Williams v. National Housing Exchange Inc.*, 165 F.R.D. 405, 411-12 (S.D.N.Y. 1996); *Dreiek Finanz AG v. Sun*, No. 89 Civ. 4347, 1990 WL 48071 (S.D.N.Y. Apr. 10, 1990).

### 3.   Local Rule 37(d)(4)

Local Rule 37(c) of the Local Rules of the District of Connecticut further provides that

> [w]here a party has sought or opposed discovery which has resulted in the filing of a motion, and that party's position is not warranted under existing law and cannot be supported by good faith argument for extension, modification or reversal of existing law, sanctions **will** be imposed in accordance with applicable law. If a sanction consists of or includes a reasonable attorney's fee, the amount of such attorney's fee **shall** be calculated by using the normal hourly rate of the attorney for the party in whose favor a

> sanction is imposed can demonstrate that such amount is unreasonable in light of all the circumstances.

D. Conn. L. Civ. R. 37(c)(emphasis added).  Defendant cannot contend that its numerous failures to comply with discovery obligations set forth above were warranted under existing law or supported by good faith arguments in favor of the extension of existing law.  Accordingly, pursuant to Local Rule 37(c), this Court should order that Defendants pay the attorney's fees incurred by Plaintiff in filing this Motion at the normal hourly rate of Plaintiff's counsel.

## VIII.  **Conclusion**

Based on the foregoing, Plaintiff respectfully requests the Court to grant this motion, order Defendants to immediately fully comply with their discovery obligations, including for each Defendant to serve initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, and for Defendants HYD USA, LLC, Lucas Brand Equity, LLC, and Jay Lucas to fully and completely respond to Plaintiff's first set of interrogatories and requests for production that were served in October 2016.  Plaintiff also requests that the Court impose appropriate sanctions, including, but not limited to, attorney's fees and costs against Defendants.

PLAINTIFF,
STEVEN EDELSTEIN


By:_____*/s/ Todd Steigman*_____
Todd Steigman (ct26875)
Claire M. Howard, Esq. (ct29654)
Madsen, Prestley & Parenteau, LLC
402 Asylum Street
Hartford, CT 06103
Tel. (860) 246-2466   Fax. (860) 246-1794
tsteigman@mppjustice.com
Attorneys for the Plaintiff

**<u>CERTIFICATION OF SERVICE</u>**

I hereby certify that on this 15th day of December, 2017, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].  Parties may access this filing through the Court's system.


_____ */s/ Todd Steigman*_____