UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEVEN J. EDELSTEIN | : | |
| | : | CASE NO. 3:16-CV-01353 (WWE) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| LUCAS BRAND EQUITY, LLC, | : | |
| HYD USA, LLC, JAY LUCAS, | : | |
| KAREN BALLOU AND LUCAS | : | |
| BRAND EQUITY, LP | : | |
| | : | |
| Defendants. | : | FEBRUARY 6, 2018 |

## **AMENDED ANSWER and AFFIRMATIVE DEFENSES**

As their Amended Answer to the Third Amended Complaint filed by and on behalf of plaintiff Steven J. Edelstein ("Plaintiff") in the above captioned case, defendants Lucas Brand Equity, LLC ("LBE"), HYD USA, LLC a/k/a HYD for Men ("HYD USA"), Jay Lucas ("Lucas"), Karen Ballou ("Ballou"), and Lucas Brand Equity, LP ("Lucas LP") (all collectively referred to as "Defendants") admit, deny, and allege as follows:

1. Paragraph 1 of Plaintiff's Third Amended Complaint consists of a characterization of claims, to which no response is required. However, Defendants deny violating federal and/or state wage and hour laws and further deny that Plaintiff is entitled to any form of relief.

2. Paragraph 2 of Plaintiff's Third Amended Complaint consists of a characterization of claims, to which no response is required.

3. Defendants deny the allegations in Paragraph 3 of Plaintiff's Third Amended Complaint, except that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff resides in New Haven, Connecticut.

4. The allegation in Paragraph 4 of Plaintiff's Third Amended Complaint that LBE is "an employer engaged in interstate commerce as that term is defined under FLSA" is in the nature of a legal conclusion, to which no response is required. Defendants otherwise admit the allegations in Paragraph 4.

5. Defendants deny the allegation in Paragraph 5 of Plaintiff's Third Amended Complaint that HYD USA's principal place of business is New York, NY. The allegation that HYD is "an employer engaged in interstate commerce as that term is defined under FLSA" is in the nature of a legal conclusion, to which no response is required. Defendants admit that HYD USA is a foreign corporation that does business in Connecticut.

6. Defendants admit that Lucas LP is a private equity fund, whose principal place of business is New York. Defendants deny that Lucas LP transacts business in Connecticut. The allegation that Lucas LP is "an employer engaged in interstate commerce as that term is defined under FLSA" is in the nature of a legal conclusion, to which no response is required.

7. Defendants deny the allegations in Paragraph 7 of Plaintiff's Third Amended Complaint.

8. Defendants admit the allegations in Paragraph 8 of Plaintiff's Third Amended Complaint.

9. Defendants admit the allegations of Paragraph 9 of Plaintiff's Third Amended Complaint.

10. Defendants deny the allegations in Paragraph 10 of Plaintiff's Third Amended Complaint.

11. Defendants deny the allegations in Paragraph 11 of Plaintiff's Third Amended Complaint.

12. Defendants admit the allegations in Paragraph 12 of Plaintiff's Third Amended Complaint.

13. Defendants deny the allegations in Paragraph 13 of Plaintiff's Third Amended Complaint.

14. Defendants deny the allegations in Paragraph 14 of Plaintiff's Third Amended Complaint.

15. Defendants deny the allegations in Paragraph 15 of Plaintiff's Third Amended Complaint.

16. Defendants deny the allegations in Paragraph 16 of Plaintiff's Third Amended Complaint.

17. Defendants deny the allegations in Paragraph 17 of Plaintiff's Third Amended Complaint.

18. Defendants deny the allegations in Paragraph 18 of Plaintiff's Third Amended Complaint.

19. Defendants deny the allegations in Paragraph 19 of Plaintiff's Third Amended Complaint.

20. Defendants deny the allegations in Paragraph 20 of Plaintiff's Third Amended Complaint.

**COUNT ONE**

21.     Defendants deny the allegations in Paragraph 21 of Plaintiff's Third Amended Complaint.

22.     Defendants deny the allegations in Paragraph 22 of Plaintiff's Third Amended Complaint.

23.     Defendants deny the allegations in Paragraph 23 of Plaintiff's Third Amended Complaint.

**COUNT TWO**

24.     Defendants deny the allegations in Paragraph 24 of Plaintiff's Third Amended Complaint.

25.     Defendants deny the allegations in Paragraph 25 of Plaintiff's Third Amended Complaint.

**COUNT THREE**

26.     Defendants deny the allegations in Paragraph 26 of Plaintiff's Third Amended Complaint.

27.     Defendants deny the allegations in Paragraph 27 of Plaintiff's Third Amended Complaint.

28.     Defendants deny the allegations in Paragraph 28 of Plaintiff's Third Amended Complaint.

**COUNT FOUR**

29.     Defendants deny the allegations in Paragraph 29 of Plaintiff's Third Amended Complaint.

30.     Defendants deny the allegations in Paragraph 30 of Plaintiff's Third Amended Complaint.

31.     Defendants deny the allegations in Paragraph 31 of Plaintiff's Third Amended Complaint.

## **COUNT FIVE**

32.     Paragraph 32 of Plaintiff's Third Amended Complaint consists of a legal conclusion, to which no response is required.

33.     Paragraph 33 of Plaintiff's Third Amended Complaint consists of a characterization of claims, to which no response is required. However, Defendants deny breach a contract and/or violating state or federal wage and hour law.

34.     Paragraph 34 of Plaintiff's Third Amended Complaint describes a form of relief that Plaintiff seeks, to which no response is required. However, Defendants deny that Plaintiff is entitled to the relief requested.

35.     Paragraph 35 of Plaintiff's Third Amended Complaint describes a form of relief that Plaintiff seeks, to which no response is required. However, Defendants deny that Plaintiff is entitled to the relief requested.

## **COUNT SIX**

36.     Defendants deny the allegations in Paragraph 36 of Plaintiff's Third Amended Complaint.

37.     Defendants deny the allegations in Paragraph 37 of Plaintiff's Third Amended Complaint.

38.     Defendants deny the allegations in Paragraph 38 of Plaintiff's Third Amended Complaint.

39. Defendants deny the allegations in Paragraph 39 of Plaintiff's Third Amended Complaint.

40. Defendants deny the allegations in Paragraph 40 of Plaintiff's Third Amended Complaint.

41. Defendants deny the allegations in Paragraph 41 of Plaintiff's Third Amended Complaint.

42. Defendants deny the allegations in Paragraph 42 of Plaintiff's Third Amended Complaint.

## AFFIRMATIVE DEFENSES

43. Defendants allege the following defenses to the claims and allegations set forth in Plaintiff's Third Amended Complaint.

### FIRST DEFENSE

44. Plaintiff's Third Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

45. If Plaintiff was an employee of Defendants, or any of them, and Defendants expressly deny such was the case, he was exempt from the minimum wage and overtime pay requirements under the Fair Labor Standards Act and the Connecticut Minimum Wage Act.

### THIRD DEFENSE

46. If Defendants, or any of them, violated the Fair Labor Standards Act and/or the Connecticut Minimum Wage Act, and Defendants expressly deny such was the case, the underlying act or omission giving rise to a violation was in good faith and based on reasonable grounds for believing the act or omission did not violate federal or state wage and hour laws.

## FOURTH DEFENSE

47. Plaintiff's claims are barred in whole or in part under the doctrine of unclean hands.

## FIFTH DEFENSE

48. Plaintiff materially breached the terms of any employment contract he may have entered into with Defendants or any of them.

## SIXTH DEFENSE

49. Any contractual duties Defendants, or any of them, owed to Plaintiff were discharged as a consequence of Plaintiff's failure to perform.

## SEVENTH DEFENSE

50. Plaintiff has failed to mitigate his alleged damages, any entitlement to which is expressly denied.

## EIGHTH DEFENSE

51. Plaintiff's claims are barred, in whole or in part, by the doctrine of setoff.

DEFENDANTS,
LUCAS BRAND EQUITY, LLC, HYD USA, LLC, JAY LUCAS, KAREN BALLOU and LUCAS BRAND EQUITY, LP.

/s/ James C. Graham

James C. Graham (06460)
Anthony C. Famiglietti (ct30221)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510
Tel: (203) 821-2000
Fax: (203)821-2009
jgraham@npmlaw.com